No. 13,078.

MR. AND MRS. CARL P. MAUS VS. THEODORE BRODERICK.

SYLLABUS.

The fact itself that a team is found running away upon the streets of a city without a driver requires explanation as to how and why this should have been, and if the driver is not produced as a witness or his absence accounted for, it is fair to presume that no satisfactory explanation could have been given.

ON APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*E. Evariste Moise, Jno. Wagner* and *Giunio F. Socola* for Plaintiff and Appellee.

*John B. Fisher* for Defendant and Appellant.

Argued and submitted April 22, 1899.
Opinion handed down May 15, 1899.

The opinion of the court was delivered by
NICHOLLS, C. J.   The plaintiffs are husband and wife.
· They sue the defendant asking damages to the amount of forty-one hundred dollars, for personal injuries alleged to have been received by the wife from having been thrown violently on to and against the hard, unyielding, asphalt pavement with which St. Charles avenue is paved, from a wagon which she was then driving.   The allegations on which the prayer for judgment is based are that a vicious and strong-bodied horse, hitched to a large four-wheeled, heavy, covered,

78

vehicle, both horse and wagon belonging to the defendant, had been placed by him in charge of an employee; that said employee carelessly and negligently, and incautiously, left the same standing on Louisiana avenue unattended and unguarded, and having no one in charge of said horse, contrary to and against the ordinances of the city of New Orleans; the said employee having, in the pursuit of the business in which he was engaged, entered one of the premises on Louisiana avenue for the purpose of delivering goods there. That the horse, during the employee's absence, started off, dragging the heavy wagon out Louisiana avenue to Dryades, down Dryades to a cross street, and from said cross street to some point on St. Charles avenue unknown to petitioners, which point was reached with the horse at full speed. That Mrs. Maus was proceeding up St. Charles avenue on the swamp, or wood side, seated in and driving a milk wagon, intending to cross at Second street and go towards the river.

That she crossed St. Charles avenue, to proceed into Second street, when defendant's horse and wagon (coming up the said avenue behind her at full speed, before she could avoid it, or even know of said horse and wagon) ran into and collided with the wagon which she was then driving. That in so doing, and by consequence thereof, she was thrown out of the wagon on to and against the hard, unyielding, asphalt with which St. Charles avenue is paved. That, on striking the pavement, she became and remained unconscious for some time. That from said fall she received severe injuries which she described, and suffered great pains, which were still continuing, and would continue until her death.

That she was confined to her bed for more than eight weeks, and large amounts had been expended by reason of her injuries for physician's fees and medicines. That she had been, by reason of her injuries, rendered incapable of rendering the services and performing the duties which she had been capable of rendering, and had rendered before, and said incapacity was permanent; that petitioner had suffered, and would continue to suffer, loss therefrom.

That these were the direct and immediate consequences of the carelessness and negligence of defendant and his employee; that the employee of defendant having control and custody of the horse and wagon of defendant, in thus leaving the said horse and wagon standing as he did, was violating the ordinances of the city prohibiting him

so to do, and it was, in itself, a gross piece of negligence on the part of both the defendant and his employee.

That they well knew the character of the horse, and that he should not be so trusted.

That she had no reason to believe that the horse and wagon coming behind her was without any one in charge thereof, nor had she any reason to suspect or believe that they would turn to cross St. Charles avenue at the very point she turned, but, on the contrary, she had every right to believe that they would continue up the street. That petitioners were, neither of them, guilty of any negligence whatever, but, on the contrary, were exercising all the prudence, care, caution and skill which they were called on to exercise, or which the law of the land, or of nature, required of them.

Defendant, after pleading the general issue, averred that if any accident occurred, which was not admitted, same was contributory negligence of Mrs. Maus.

The court rendered judgment in favor of plaintiff for one thousand dollars, and defendant appealed.

Appellee, in the Supreme Court, moved that the judgment be increased to thirty-two hundred and thirty-five dollars.

## OPINION.

The defendant has appealed from a judgment against him in favor of the plaintiff, for one thousand dollars as damages for personal injuries received by his wife by a collision between a wagon in which she was driving, and a run away team belonging to the defendant.

In order to reverse the judgment we would have to be satisfied that the court below erred, and be able to so declare.

As usual, in such cases, there is a conflict in the testimony.

All parties agree that on the day named in the petition, a horse, attached to a wagon, both belonging to defendant, was seen running furiously up St. Charles avenue in the rear of a milk cart which plaintiff's wife was then driving.

That upon the latter's attention being drawn to the fact by some one on the sidewalk, she, in order to escape injury, whipped up her own horse endeavoring to reach Second street, which she was then approaching, at which she proposed to leave the avenue, and proceed towards the river.

Before she had well turned into Second street she was thrown violently from her cart and quite seriously injured.

One set of witnesses declare that the run away team did not touch the milk cart at all; that the accident was due, not to a collision between the two vehicles, but as the result of the left wheel of the milk wagon's having struck, as Mrs. Maus was turning into Second street, an iron post such as is placed at the edges of the neutral ground on St. Charles avenue at its intersection with the various cross streets, to prevent vehicles from trespassing upon the neutral ground.

Another set declare that the milk wagon did not touch the iron post, but it was violently struck in the rear by the run away team, and thrown to one side, and this it was which caused plaintiff's wife to be thrown out.

All agree that defendant's team was without a driver when it was running up the avenue.

It is not shown what caused the horse to run away, nor is it satisfactorily shown where the team was when the running commenced, nor whether there was a driver on or around the team at that precise time. One of the witnesses said he saw the driver running after it, but did not pretend to know more of him than this. Broderick himself was, evidently, not with it, and knew nothing of the facts, for Schultz testified that he himself had gone up to his house and told him that his horse had run away, and Donovan testifies that Schwartz and Broderick tried to stop the horse on its return to the latter's establishment.

Broderick's statement, therefore, that the "driver" was "thrown out," obviously was as to a fact not within his own knowledge.

The testimony in the case is by no means as full as would be desirable, but under the circumstances of this particular case we think the defendant has failed to show that which the situation of things called upon him to show.

There was at one time a driver to the team; he was not produced, nor was his absence accounted for.

He, of all others, was bound to know when, where, and under what circumstances, the horse ran away. If he was on his seat, or anywhere about the team at the time, it was easy for the defendant to have shown the fact by him.

The fact itself that a team is found running away upon the streets of a city, without a driver, requires explanation as to how this should

have been, and if it is not given, it is not an unfair inference that no satisfactory explanation could be made.

We do not attach any special value to the statement made by one of the witnesses, that the driver had left his team to deliver meat at the house of one of defendant's customers, for we are inclined to think that this witness was testifying more to his belief than from his knowl. edge.

After going through the record we are not prepared to say that the district judge erred in his conclusions as to the facts of the case, and this being the case we have to adopt them.

We do not see any question in law involved in the suit which calls for special reference.

For the reasons assigned the judgment is affirmed.