**GERSHNER v. GULF REFINING CO.**

No. 1660.

Court of Appeal of Louisiana.
First Circuit.

Dec. 10, 1936.

Mouton & Davidson, of Lafayette, for appellant.

W. C. Perrault, of Opelousas, for appellee.

DORE, Judge.

The suit is to recover damages in the sum of $6,066.40. The plaintiff alleges that on June 13, 1933, about the hour of 10 o'clock p. m., the gasoline in his 1931 model Ford coupé gave out a short distance east of the village of Broussard, on the Old Spanish highway; that one Ewing arrived on the scene where his car was stopped and consented to and did push plaintiff's said car into the village of Broussard up to the filling station in question; plaintiff blew his horn several times in an effort to get defendant's agent or employee to serve him with gas; that shortly an attendant came out from a nearby building, unlocked the gas pump, and began to serve plaintiff with gas; that while the gas was being served through the hose running from the pump to the tank on the front of plaintiff's car, on account of negligence of the defendant company, its agents and employees, the gasoline caught on fire and the burning gasoline was thrown over plaintiff, who was standing nearby, causing him to suffer severe and painful burns.

Defendant denied that it operated said filling station; but that same was operated by one Henry Gondran, to whom it sold its gasoline products on cash terms and permitted said Gondran to occupy the property which had been leased by the defendant company from said Gondran; but that said Gondran was in no sense the agent, employee, or servant of the defendant company, nor was the attendant who served said gasoline an employee of the defendant. In the alternative, and in case the court should hold that there was any relations between defendant and said Gondran which would render it liable for the acts of Gondran, or his servants and employees, then defendant denied that said Gondran or his servants were guilty of any negligence causing the alleged injury to plaintiff.

On the day of trial of case, the defendant interposed an objection to the offering of any evidence by the plaintiff, for the reason that the petition of the plaintiff disclosed no cause of action, basing such objection on the ground that there were no facts pleaded in the said petition from which an inference of negligence on the part of defendant, or any of its agents or servants, could be drawn; this objection was referred to the merits by the lower court. The defendant does not complain of the ruling, and we need not consider the same.

Judgment was rendered dismissing plaintiff's suit, from which judgment this appeal is taken.

In view of the conclusion reached on the second ground of defense urged, that is, that there is no negligence shown in either the defendant company, or in Gondran or his servant, it will not be necessary to discuss or pass on the first defense raised to the effect that the defendant company was not responsible for the operation of the filling station. Assuming that the defendant could be held responsible for the acts of Gondran and his employees, there is not sufficient negligence shown to justify holding either the defendant company or Gondran liable for the injury suffered by the plaintiff.

Plaintiff does not allege or attempt to prove any particular acts of negligence on the part of the defendant or any of its agents or servants which caused, or might have caused, the gasoline to become ignited as it was being transferred from the pump in the said station to the tank in plaintiff's car. He has alleged negligence on the part of the defendant and its agents and employees in causing the fire, and is relying solely on the rule of res ipsa loquitur to relieve him from the necessity of alleging and proving the particular act or acts of negligence on the part of the defendant which caused the fire, by setting out and proving that the injury occurred on the property of the defendant and through instrumentalities exclusively within the control and management of the defendant, and under circumstances showing that the fire would not have started but for some negligence on the part of those operating the filling station. And, upon the doctrine, he proposes to either win or lose his case.

The evidence shows that the gasoline became ignited near the point where it entered the tank of plaintiff's car while being transferred to the tank from the

pump through the usual hose and while the nozzle of the hose was inserted in the orifice of the tank. Plaintiff was standing between the car and the pump; Mr. Ewing was holding the nozzle of the hose pipe in the tank; the attendant, who had come out and unlocked the pump to serve the gas, was standing with his back to the car facing a schedule near the pump. When the fire flared up near the tank on the hose pipe, Mr. Ewing, who was holding the hose and nozzle in the tank, either jerked the hose out of the tank or pushed it over in order to get to his car and save it from the fire. The burning gasoline was thrown on plaintiff, setting his clothing on fire, causing him to be severely burned. There is some testimony to the effect that, when the fire blazed up, some one, presumably the plaintiff, called out to pull the hose out of the tank, the inference being that plaintiff jerked the hose out of the tank and thereby sprayed the burning gasoline on himself. However, we do not find that the evidence justifies this inference to be a fact.

There were only four persons present when the fire occurred; plaintiff, his brother, Mr. Ewing, and the attendant who came out to serve the gas. There is not a great deal of difference in their testimony as to how the fire started. None of them undertake to say what caused the fire. All testify that no one was smoking nor were any matches struck at the time by any one. There is some testimony that the attendant had a cigar in his mouth, but that is disputed; and, in any event, if he did have a cigar in his mouth, there is no evidence to show that it was lighted. Plaintiff and his brother both testify that neither of them was smoking nor did they strike any matches. There is testimony to the effect, and which is not contradicted, that some cigars and matches were found in the back of plaintiff's car after the accident, but nothing to show, as stated above, that any one was smoking or striking any matches.

Two other possible causes of the fire are mentioned. One that a spark might have been generated when the metal on the nozzle of the hose pipe struck against the metal of the tank on the car. But it is shown by expert testimony that this would be practically impossible, for the reason that the nozzles on these hose pipes are made of either aluminum or brass and neither of these metals will cause a spark when coming in contact with any other metal; and we are convinced on that score

that the defendant has clearly shown that the fire did not originate in that manner. The other theory is that the rapid flow of the gasoline through the hose pipe caused what is known as static electricity, which was conveyed to the tank through the metal in the hose and nozzle. This theory is met with testimony produced by defendant to the effect that the hose pipe through which the gas is transmitted to the tank is so insulated as to prevent the transmission of any static electric spark to the tank; and, besides, it is shown that, if a person had his hand on the hose, as in this case the testimony clearly shows, while serving a car, his body would serve as a grounding and prevent the electricity from going into the tank. The defendant has clearly shown that the fire could not have originated in that manner, and has clearly rebutted both theories of plaintiff.

Thus the cause or origin of the fire has not been shown with any degree of certainty by the evidence produced by both plaintiff and defendant. Under this situation, does the doctrine of res ipsa loquitur apply?

The doctrine is stated succinctly in Corpus Juris, vol. 45, p. 1193, as follows: "Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." This statement of the rule has been approved and adopted by the courts of last resort. Some of the cases in this state in which the doctrine has been adopted are the following: Bentz v. Page, 115 La. 560, 39 So. 599; Willis v. Vicksburg, etc., 115 La. 53, 38 So. 892; Hebert v. Lake Charles Ice, etc., Co., 111 La. 522, 35 So. 731, 64 L.R.A. 101, 100 Am.St.Rep. 505; Maus v. Broderick, 51 La.Ann. 1153, 25 So. 977.

Furthermore, it can be stated that, while negligence is never presumed as a matter of law from the happening of an accident, the happening of the accident with its attendant circumstances may justify the inference of negligence. Thus, when the thing which produced the injury is under the control of the defendant or his servants and the injury would not have occurred unless negligence had been present in some form and the facts causing the

injury are peculiarly within the knowledge of defendant and not equally accessible to plaintiff, the burden is on defendant to explain the cause of the accident, if he desires to escape from the inference of negligence.

The very reason for the rule lies in the fact that the thing causing the accident lies within the exclusive control of the defendant and the fact that the defendant has a better opportunity to know the condition of the thing under his control and management than the person injured; and from the further fact that the accident would not have happened had the defendant or his servants used the thing in a proper and careful manner. It follows that, when a person is injured by a thing under the exclusive control of the defendant, and while such person is lawfully on the premises of the defendant and is free of fault himself, under circumstances showing that the accident would not have happened but for some negligence on the part of those having control of the thing, the injured person is not required to allege and prove the particular act or acts of defendant causing the injury. But the said plaintiff must also not know of the causes or be in a position to know the causes of the accident. Under such circumstances, the fact of the occurrence of the accident in itself creates a presumption of negligence on the part of the defendant having the control and management of the thing causing the injury—res ipsa loquitur—the thing speaks for itself. See Lykiardopoulo v. N. O. & C. R. Light & Power Co., 127 La. 309, 53 So. 575, Ann.Cas.1912A, 976; Motor Sales & Service Inc. v. Glasseli Chem. Co. et al., 15 La.App. 353, 131 So. 623; Dotson v. La. Cen. Lbr. Co., 144 La. 78, 80 So. 205.

The very nature of the doctrine renders it inapplicable to a case where the facts and circumstances surrounding the accident show that both plaintiff and the defendant had full knowledge of the surrounding circumstances and nature of the accident; and that the accident might reasonably have been caused by other persons or agencies than those for whom the defendant is responsible. In other words, the facts and circumstances must reasonably exclude every other cause of the accident except those causes which can be traced to the negligence of the defendant or its servants. We quote from Corpus Juris, vol. 45, p. 1213, on this point: "Ac-

cordingly, although the responsibility of defendant is ordinarily inferred, in conformity with the statements of the rule, from his management or control of the injurying agency, where all the facts connected with the occurrence fail to point to the negligence of defendant as the proximate cause of the injury, but show a state of affairs where it could with equal reasonableness and consistency be inferred that the accident was due to a cause or causes other than the negligent act of defendant, as where there are several persons or causes which might have produced the injury, some of which were under the control or management of the complaining party or of third persons, and the accident may have reasonably occurred by reason of acts for which defendant is not liable, the doctrine cannot be invoked." Quoting further from Corpus Juris, vol. 45, p. 1205: "Accordingly if the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged or if plaintiff himself has equal or superior means of information, the doctrine cannot be invoked."

We think the facts and circumstances in the present case reasonably show that the fire which burned plaintiff could have been started from causes other than those for which the defendant would be liable, and that plaintiff himself had equal means of information as to the cause of the fire. While we are assuming that the defendant was in control of the filling station at which the fire occurred and had charge of the gas and equipment, yet it is also true that the car into which the gas was being poured belonged to and was under the control of the plaintiff. Plaintiff and his brother were present when the fire started the same as the attendant for whose acts defendant is presumed to be responsible. The plaintiff and his brother were in as good a position to know the cause of the fire as the presumed servant or servants of the defendant. Moreover, while it is not shown that the car of plaintiff or its contents or condition had anything to do with the starting of the fire, yet it is not unreasonable to infer such a possibility. The motor could have been hot, some of the wiring could have been out of order, a match or burned cigar or cigarette could have been in or around the motor or tank of the car, and in some way conveyed a spark to the gasoline.

It is true that these possible explanations of the causes of the fire other than the negligence of the defendant are for the most part merely speculations, yet, in our opinion, they create such a situation as to show the possible origin of the fire from sources other than that caused from the negligence of defendant. See Bruchis et al. v. Victory Oil Co., 179 La. 242, 153 So. 828.

Furthermore, the defendant has rebutted all inference of negligence, having shown that its presumed employee or employees used due care in dispensing the gasoline to plaintiff, and that said gasoline was served from a pump in good mechanical condition, the hose of the said pump being of most approved design and the nozzle so constructed that it was impossible for any fire to have been generated either by striking of the nozzle on the metal of the tank or from the passage of the gasoline through it, thus absolving itself, its agents or employees, of any negligence whatsoever.

For these reasons, the judgment herein appealed from is hereby affirmed.