FRUGE, Judge ad hoc.
This case is up before us for the third time. Our original opinion is reported in 28 So.2d at page 474. Upon rehearing on the 20th day of May, 1947, the opinion being reported in Volume 30 So.2d at page 441, the original judgment of this Court was set aside and the case was remanded to the District Court for the purpose of having filed in the record the answers or copies thereof of interrogatories on facts and articles, and for the purpose' of taking such additional and relevant testimony as either party .would desire to offer.
This is a suit instituted by the plaintiff. Pacific Fire Insurance Company, subrogee of the. Gulf Public Service Company, to recover the sum of Two Hundred and Fifty Dollars ($250.00) paid by the insurance company to the Gulf Public Service Company under its policy of insurance covering a certain 1938 Ford Truck, which was damaged by fire which occurred in the defendant’s garage on the 20th day of November, 1941. The said truck which was owned by the Gulf Public Service Company was- undergoing repairs in the defendant’s garage when a fire occurred in the garage and it was damaged. The plaintiff brought this suit- qn the subrogation clause in-the policy of insurance which it had issued to Gulf Public Service Company -covering the said truck, alleging that the defendant company is liable under the doctrine of res ipsa loquitur.
*364 The defense to the suit is a denial of liability under the contract of bailment between the defendant and the Gulf Public Service Company, and in the alternative .a denial of any breach of duty on its part as to the care required'of it in handling,' repairing and taking care of the truck.
Upon rehearing of this case on May 20, 1947, the case was remanded to the Trial Court, and after the additional evidence was introduced in the District Court, the Honorable District Judge Ad IToc found that this additional data had not added anything new and had not in any way altered his appreciation of the facts involved in the matter and found judgment in favor of the defendant.
The evidence taken in the district court after the case was remanded to said court, consisted solely of the testimony of two employees of the defendant company. These two men were working on the Gulf Public Service Truck just prior to and at the time of the firej which originated at the very place where the truck was located.
One of the employees, a Mr. Gurvis Son-nier, testified that he was employed as a mechanic by the Eunice Motor Car Co., Inc., and that he was working on the Gulf Public Service Company truck at the time of the fire. He testified that he first noticed the fire when he and the other witness, Percy Doucet, had just removed'the gasoline tank from the truck; that the fire was underneath the truck on the floor and that the flames were about two feet high and occupied an area of about two feet in diameter; he further testified that the substance burning, in his opinion, was gasoline; he stated that the first thing he and Mr. Doucet did when they saw the fire was to drop the gasoline tank three or four feet to the floor and that the gasoline tank then and there caught on fire. He opinioned that the gasoline burning on the floor had come from the fuel line which he had disconnected from the gasoline tank.
Mr. Doucet, the other witness who testified after the case was remanded to the District Court, was also an employee of the defendant company and was helping Mr. Sonnier remove the gasoline tank from the truck that was destroyed by fire. His testimony corroborated the testimony of Mr. Sonnier in all respects and when asked whether he or Mr. Sonnier was smoking when the fire was first started or discovered he stated that he was unable to answer the question.
As we held in our original opinion, the doctrine of res ipsa loquitur applies to this case. It is conclusively shown that the fire that damaged the truck started with a kind of explosion; that these two above-mentioned employees were removing the gasoline tank from the truck and that the fire started approximately one and a half feet from the gasoline tank; that an electric drop light was strung across the truck to give light to these two workmen.
The doctrine of res ipsa loquitur gives rise to some sort of presumption or inference of negligence on the part of the defendant. As stated in the case of Jones v. Shell Petroleum Corporation et al, 185 La. 1067, 171 So. 447, 449:
“Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in absence of explanation by defendant, that the accident arose from want of care. 45 C.J. § 768, p. 1193.
“This statement of the rule of res ipsa loquitur has been widely approved and adopted by the courts of last resort. Some of the cases in this jurisdiction in which the doctrine has been applied are the following, viz: Maus v. Broderick, 51 La.Ann. 1153, 25 So. 977; Hebert v. Lake Charles Ice, Light & Waterworks Co., 111 La. 522, 35 So. 731, 64 L.R.A. 101, 100 Am.St.Rep. 505; Willis v. Vicksburg, S. & P. R. Co., 115 La. 53, 38 So. 892; Bentz v. Page, 115 La. 560, 39 So. 599.
“While negligence is never presumed as a matter of law from the happening of an accident, the happening of the accident with its attendant circumstances may justify the inference of negligence. Thus, when the thing which produced the injury is under the control of the defendant or his servants and the injury would not have *365 occurred unless negligence had been present in some form and the facts causing the injury are peculiarly within the knowledge of defendant and not equally accessible to plaintiff, the burden is on defendant to explain the cause of the accident, if he desires to escape from the inference of negligence.”
In the instant case the defendant alleges that the case at hand is squarely within the doctrine laid down in the case of Luke et ux. v. Security Storage and Van Company, Inc., La.App., 24 So.2d 692, which lays down a general proposition of law that a bailee is not responsible merely because the goods which formed the object of the bailment have been destroyed. The court, in the Luke case quoted from the case of Poydras Fruit Company v. Weinberger Banana Company, 189 La. 940, 181 So. 452, the following: “ * * * when the bailee shows that the property was destroyed by fire, and there is nothing in the showing made by the bailee to indicate that there was fault or negligence on his part, the burden of proof rests upon the bailor to show that there was fault or negligence on the part of the bailee.” [24 So.2d 693]
In the instant case we find that the fire was started, or started only a few feet away from two employees of the defendant. Certainly there is a showing that there must have been some fault or negligence on the part of the employees of the defendant, or the fire would not have been started. Further, this case is unlike the Luke case/ supra, in that in the Luke case the fire occurred in the defendant’s warehouse at approximately 5 :00 o’clock in the morning. It was impossible for the defendant to show the cause of the fire and it would have been unreasonable for the court to expect the defendant to show the cause of the fire as it occurred when no one was present in the warehouse and there was no evidence possible of being introduced to show the cause as the building was practically destroyed.
The- court, in the Luke case, was of the opinion as shown by the following quotes, that in certain cases for the bailee to escape liability he must show the cause of the fire:
“Where such a fire occurs, and it is confined within the interior of the premises of the bailee, it is its duty to show all facts of which it has or ought to’have knowledge and, as we said in Royal Insurance Company v. Collard Motors, La.App., 179 So. 108, 110, ‘these facts must not involve negligence on (its) part.’ ”
“It may well be that in many instances, in order to show its own freedom from fault, it will be necessary that the bailee show the exact cause, but where it is possible that the fire originated without fault on the part of the bailee, it need not show that exact cause, provided that without showing it, it can nevertheless establish its own freedom from fault.”
“ * * * In Poydras Fruit Company v. Weinberger Banana Company, supra, the Supreme Court held the defendant liable because it was unable to show the cause of the fire, but there the court said that that particular fire could not have occurred ‘without negligence or incompetence.’ ”
In the case at bar the facts show that the defendant should be able to give the cause of the fire. Two of the defendant’s employees were removing the gas tank from the truck belonging to Gulf Public Service -Company, and that the fire started one or two feet from this gas tank. Unless there was negligence on the part of these two employees of the defendant, this explosion and the resultant fire would not have occurred. The defendant has not, in our opinion, rebutted that inference of negligence supplied by the doctrine of res ipsa loquitur and must therefore bear the loss sustained by the plaintiff.
There is no dispute between the parties to this suit to the extent of the damages to the truck. Therefore for the reasons above assigned it is ordered that the judgment of the Trial Court be reversed and set aside and that judgment be rendered herein in favor of the Pacific Fire Insurance Company and against the Eunice Motor Car Company, Inc., in the sum of Two Hundred. Fifty and No/100 ($250.00) Dollars with legal interest thereon from date of judicial demand and . for all costs of .these proceedings.