BARNETTE, Judge.
This is a suit to recover the value of certain articles of clothing destroyed by fire while in the care of defendant, who operated a laundry and dry cleaning business. The clothing in question was destroyed when the cleaning establishment caught fire and apparently, from the record before us, was totally destroyed. Judgment in the amount of $149.89 was awarded and the defendant has appealed devolu-tively.
There is no issue of fact relative to the deposit of the clothing by the plaintiff, Richard Carey Bond, with the defendant, Olive H. Helmer, doing business as Helmer Cleaners, for the purpose of having same cleaned or that it was destroyed by fire. Neither is there an issue over the alleged value of the clothing. The amount of $149.89 is conceded to be correct if plaintiff is entitled to recovery from defendant. The only issue to be resolved is that of liability.
*357 LSA-C.C. arts. 2937 and 2938 are applicable to the issue before the court for the reason that the plaintiff is the depositor and the defendant the depositary of the subject clothing. These terms are peculiar to the codal law of Louisiana and are generally synonymous with the terms of bailor and bailee used in common law. The articles are as follows:
“The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.” LSA-C.C. art. 2937.
“The provision in the preceding article is to be rigorously enforced:
1. Where the deposit has been made by the request of the depositary.
2. If it has been agreed that he shall have a reward for preserving the deposit.
3. If the deposit was made solely for his advantage.
4. If it has been expressly agreed that the depositary should be answerable for all neglects.” LSA-C.C. art. 2938.
 Clearly the deposit of the clothing was under subsections (1) or (2), or both, of the foregoing articles. The deposit may be said to be at the “request” of the depositary when the depositary is a business establishment seeking patronage by advertisement and other means. There is the constant holding out of invitation to the public to deposit articles of clothing for cleaning. Certainly, the condition of subsection (2) .is met in that the depositary will receive a fee or profit from the depositor. Therefore the obligation of diligence imposed upon the depositary must be “rigorously enforced.”
To show a cause of action it is sufficient for the plaintiff to establish the relationship of depositor and depositary and the failure of the depositary to return the thing deposited. This the plaintiff has done. The burden then shifts to the defendant (depositary) to explain the cause which prevents the return of the thing deposited. In this case the cause was destruction of the clothing by fire. The defendant bears the burden to show that the fire was not the result of negligence or fault on her part and that she exercised the diligence required by LSA-C.C. art. 2937.
Here the plaintiff was in no position to have any knowledge whatever of the cause of the fire which destroyed his clothing in defendant’s possession. The defendant, on the other hand, is more likely to be in a position to have superior knowledge, especially in a factual situation such as we have here where the fire originated in defendant’s place of business in the presence of her employees from the use by them of a piece of laundry equipment. In such situations the principle of law involved in the doctrine of res ipsa loquitur is applicable. This principle is discussed by Professor Wex Malone in an article[1] from which we quoted at some length in Fireman’s Fund Indemnity Company v. Sigard, La.App., 129 So.2d 258, 262 (1961).
Counsel for defendant in oral argument and brief strongly contends that the plaintiff neither alleged in his petition nor offered evidence to prove negligence on the part of defendant. We think this is immaterial. A prima facie case is made when the deposit is proven and the thing deposited has not been returned upon demand. Furthermore the issue of negligence was pleaded by defendant in her amended answer wherein she alleged that the clothing was destroyed by fire “through no fault or negligence on [her] part” and “by causes completely out of her control.”
The testimony adduced on trial may be summarized in a few simple statements of fact. The defendant said she did not know the origin of the fire. What she really meant is that she did not know the cause of the explosion which set off the fire that originated in the clothes dryer. She said: *358 “Well, the dryer caught fire. * * * It exploded.”
The laundry equipment, including the dryer, was repaired whenever necessary and kept in good working condition but there was no evidence of periodic safety inspections. There was no testimony that the dryer had been repaired or inspected at anytime significantly near the date of the fire. Defendant testified that she exercised every reasonable effort to keep her equipment and premises in proper repair and free from the hazard of fire, but notwithstanding her diligence the fire did result from some cause unknown originating in the dryer.
Albert Graythen, an electrical contractor, testified that he maintained the equipment in defendant’s laundry and dry cleaning establishment and from time to time, as requested, made necessary electrical repairs. He could not remember having inspected or having repaired the dryer in question, except some minor repair within the year prior to the fire. He was asked: “If the dryer exploded, could this explosion be caused from some electrical condition ?” He answered: “It certainly could, sir.” This fact together with the fact that the dryer in question was bought secondhand and had been in use by this defendant for at least four years imposed upon her the responsibility of frequent inspections as a safeguard against the hazards involved in its constant use.
The presumption of fault on the part of the depositary must be applied with caution. In the case of Fireman’s Fund Indemnity Company v. Sigard, supra, which involved destruction of an automobile in bailee’s possession by fire of unknown origin, we said:
“The happening of the fire itself did not raise an inference of negligence on the part of Sicard [sic] Motors, and the doctrine of res ipsa loquitur is therefore inapplicable. Plaintiff has failed to bear the burden which rested upon him of proving the fault of the bailee.” 129 So.2d at 263.
In that case we attempted to distinguish general fires of unknown origin which consumed the entire premises from more limited fires, such as those which destroyed a single article while under the bailee’s control. In the latter cases the doctrine of res ipsa loquitur has been applied. Rancatore v. Evans, 182 So.2d 102, La.App.4th Cir. (1966); Great American Indemnity Company v. Ford, 122 So.2d 111, La.App.2d Cir. (1960); Leigh v. Johnson-Evans Motors, 75 So.2d 710, La.App.2d Cir. (19S4); Hazel v. Williams, 80 So.2d 133, La.App.2d Cir. (1954); Pacific Fire Ins. Co. v. Eunice Motor Car Co., La.App., 46 So.2d 363 (on application for rehearing affirmed, 47 So.2d 403), La.App.1st Cir. (1950); Royal Ins. Co. v. Collard Motors, 179 So. 108, La.App. Orleans (1938).
While this case presents a factual situation involving a general fire, i. e., one which consumed the entire premises, it was not of unknown origin. It is known that the fire resulted from an explosion in the clothes dryer. The cause of the explosion is unknown, as far as the record before us indicates, but the dryer (the thing which gave rise to the damage), like the automobiles in Great American Indemnity Company v. Ford, supra; Leigh v. Johnson-Evans Motors, supra; and Hazel v. Williams, supra, was in the physical possession and control of the bailee (depositary). Thus the inference of negligence is more properly applied than if it were not. Malone, supra.
Obviously a clothes dryer which suddenly, and without known cause, explodes and catches fire, is either defective or is being used in some manner not consistent with the purpose intended. This imposes upon the defendant in whose possession, control and use it may be, the burden to explain the unusual occurrence and to absolve himself from fault. The doctrine of res ipsa loquitur is applicable and the defendant must be held to the pre *359 sumption of negligence if he fails to discharge this burden.
We must conclude that on the record before us in this case the defendant has failed to absolve herself from the presumption of negligence.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.

. See Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70, 80-81 (1941).