(139 So. 477)

## A. & J., Inc., v. SOUTHERN CITIES DIS-TRIBUTING CO.

No. 31363.

Jan. 4, 1932.

Rehearing Denied Feb. 1, 1932.

Herold, Cousin & Herold, of Shreveport, for plaintiff.

Barnette & Roberts, of Shreveport, for defendant.

BRUNOT, J.

This is a suit for damages resulting from an explosion in the basement of the plaintiff's building.

The defendant excepted to the petition as not disclosing a cause of action. The exception was overruled, issue was joined on the merits, and the trial resulted in a judgment of nonsuit, from which judgment both litigants perfected appeals.

The petition alleges that the defendant has a franchise; that it owns and controls gas pipe lines along the streets of the city; that it serves the plaintiff's building with natural gas; that the damage suffered by the plaintiff was caused by the explosion of natural gas which the defendant, through its fault and negligence, permitted to escape into the basement of plaintiff's building from its street main. It also alleged that defendant failed to properly maintain its pipe lines and to safely deliver its commodity to plaintiff, a consumer of its gas.

It is our opinion that the allegations of the petition are sufficient to maintain the suit, and that defendant's exception of no cause of action was properly overruled.

■ Where, as in this case, an explosion occurs on premises over which the defendant has no control, it is the settled jurisprudence that the burden is upon the plaintiff to prove that the negligence of the defendant was the proximate cause of the resulting damage.

■ The plaintiff, to some extent, relies upon the doctrine of res ipsa loquitur (the thing speaks for itself). This is a rule of evidence peculiar to the law of a limited class of negligence cases; but where, as stated, the defendant has no control over the premises, or where there is a divided responsibility and the damage may have resulted from a cause over which the defendant had no control, all of the authorities hold, or at least the great weight of authority is, that the rule cannot be successfully invoked.

■ This case is largely one of fact. We will not attempt to review the 350 pages of documentary offerings and oral testimony in the record, but will content ourselves with a statement of our appreciation of the evidence offered upon the issue of negligence and upon other more or less decisive facts of the case.

A reading of the evidence convinces us that the explosion was caused by the presence of liberated natural gas in the basement of plaintiff's building. The defendant was serving the plaintiff with natural gas. The service pipe from defendant's street main led to the curb cock and there connected with the house pipe which conveyed the gas into the basement of plaintiff's building. The curb cock is located in a box on the sidewalk, near the street curb. The house pipe is the property of the plaintiff.

After the explosion, an examination disclosed a leakage of gas from the street main at the connection of the service pipe with the main. The testimony is too conflicting to determine whether or not this leakage existed before, or was caused by, the explosion. The testimony is also conflicting as to whether or not this connection was properly made originally. The connection, when made, was inspected and approved by the proper authorities, and there is expert testimony that, while it is not the most approved type of connection, it was safe and serviceable. It is shown that there was a dead sewer pipe paralleling the service pipe leading from the street main to the pavement. This pipe was closed with mud, and the escaping gas at the street main connection only found its way through this pipe when the mud was removed therefrom. If escaping gas from the street main had found its way along or through the service or sewer pipe to the sidewalk, it is more reasonable to suppose that its outlet would have been through the curb cock box rather than through the subsoil beneath the sidewalk and the brick basement wall of a three-story brick building.

Plaintiff has not shown the condition of its own house pipes and connections. One of its witnesses testified that he *thought* a certain named expert examined them and found them all right. This is not proof.

What we have said may be said with more or less reason upon every material fact of the case. We have reached the conclusion that testimony is available which might, if adduced, materially affect the issues. The trial judge evidently thought so, and, in the abundance of precaution, he nonsuited the plaintiff. We see no error in his judgment, and it is therefore affirmed.

Both litigants appealed; neither gained by the appeal. Therefore the costs of the appeal are to be paid by the litigants in equal proportions.