171 So. 447

JONES v. SHELL PETROLEUM COR-
PORATION et al.

No. 34015.

Nov. 30, 1936.

Rownd & Tucker, of Hammond, and M. C. Scharff and Max M. Schaumburger, both of New Orleans, for Arthur O. Jones.

Gordon Boswell and John A. Smith, Jr., both of New Orleans, and Ponder & Ponder, of Amite, for Shell Petroleum Corporation and others.

ROGERS, Justice.

Arthur O. Jones is the owner of a building in the city of Hammond which in the year 1934 was leased to the Shell Petroleum Corporation for a gasoline filling station. On October 8, 1934, during the term of the lease, while gasoline was being transferred from the tank wagon, also operated by the Shell Petroleum Corporation, to the underground tank of the station, a fire started with resulting damages to the building owned by Jones. Alleging that the damages to his building amounted to $516.95, Jones sued the Shell Petroleum Corporation for the recovery of that amount. The judge of the district court, after hearing the testimony, concluded that plaintiff was entitled to a recovery and rendered judgment in his favor for $427.82. The Court of Appeal for the First Circuit reversed this judgment, on the ground the testimony failed to show with reasonable certainty any negligence on the part of the Shell Petroleum Corporation or any of its agents or employees. Plaintiff applied to this court for a Writ of Review which was granted, and the case is now before us for decision.

In a supplemental petition filed in response to an exception of vagueness, plaintiff alleged that the cause and origin of the fire was unknown to him, because he was not present, but should be known to defendant's employees, who were present. Plaintiff alleged that while some employee of defendant, whose name is unknown to him, was transferring gas from a tank truck to the underground tank and pump of the filling station, from some cause, the nature of which is unknown to him, but ought to be within the knowledge of defendant, because its agents and employees were present, the gas became ignited by fire; and, thereupon, some agent or employee of defendant, whose name is unknown to plaintiff, started to drive the tank truck away from the premises, and in doing so pulled the hose through which the gas was being transferred out of the underground tank and permitted the gasoline to spread over the premises, and thereby burned and damaged plaintiff's building.

Plaintiff's petition contains two distinct charges of negligence—one relating to the cause of the fire and the other relating to the spreading of the gasoline about the filling station.

Other than an expert to assess the damages caused plaintiff's building by the fire,

no witnesses were placed on the stand by the defendant.

Taking up plaintiff's charge of negligence relating to the cause of the fire, we find it established by the record that the filling station and the tank truck were under the control of the defendant and operated by its agents or employees. We further find from the uncontradicted testimony of plaintiff's witnesses that the fire started in the underground tank attached to the filling station while it was being filled from the tank truck and while both the tank and the tank truck were in charge of and being operated by the agents or employees of the defendant, extended to the hose and tank truck, and was communicated from the burning hose, tank truck, and escaping gasoline to the building owned by plaintiff.

Predicated on these circumstances and the further circumstance of defendant's failure to explain the cause of the fire or to show its lack of knowledge of the cause, plaintiff has evoked the doctrine of res ipsa loquitur. There are many cases in which the doctrine may be successfully invoked and this, we think, is one of them.

Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in absence of explanation by defendant, that the accident arose from want of care. 45 C.J. § 768, p. 1193.

This statement of the rule of res ipsa loquitur has been widely approved and adopted by the courts of last resort. Some of the cases in this jurisdiction in which the doctrine has been applied are the following, viz.: Maus v. Broderick, 51 La.Ann. 1153, 25 So. 977; Hebert v. Lake Charles Ice etc., Co., 111 La. 522, 35 So. 731, 64 L.R.A. 101, 100 Am.St.Rep. 505; Willis v. Vicksburg, etc., R. Co., 115 La. 53, 38 So. 892; Bentz v. Page, 115 La. 560, 39 So. 599.

While negligence is never presumed as a matter of law from the happening of an accident, the happening of the accident with its attendant circumstances may justify the inference of negligence. Thus, when the thing which produced the injury is under the control of the defendant or his servants and the injury would not have occurred unless negligence had been present in some form and the facts causing the injury are peculiarly within the knowledge of defendant and not equally accessible to plaintiff, the burden is on defendant to explain the cause of the accident, if he desires to escape from the inference of negligence.

The defendant by its servants was in exclusive possession and control of the filling station, underground tank, and tank truck. The damage to plaintiff's building was due to the fire which started in the tank while it was being filled from the tank truck, both tank and truck being under defendant's control. The fire did not occur in the ordinary course of events, and the circumstances connected with and surrounding it imposed the duty on the defendant of showing that its occurrence was at least consistent with the exercise of due care on the part of its servants. If it was capable of an explanation which destroyed the in-

ference of their negligence, defendant could and ought to have offered the explanation, because it was in a position to do so, which plaintiff was not.

Since defendant has not seen fit to offer any explanation as to the cause of the fire, and since the circumstances connected with and surrounding it are such that unexplained they force the conclusion that it was caused by defendant's want of care, the plaintiff is entitled to a recovery for the damages he suffered as a result of the fire.

Bruchis v. Victory Oil Company, 179 La. 242, 153 So. 828 and Transportation Mut. Ins. Co. v. Southern S. Material Co., 181 La. 1028, 160 So. 800, cited by defendant, are not appropriate to the issues involved in this case. In those cases the defendants offered evidence which freed them from any application of the rule of res ipsa loquitur.

The conclusion we have reached and expressed relieves us of the necessity of passing on plaintiff's charge of negligence based on the spreading of gasoline about the filling station.

For the reasons assigned, the judgment of the Court of Appeal is annulled, and the judgment of the district court is reinstated and made the final judgment of this court. All costs of suit to be paid by the defendant Shell Petroleum Corporation.

O'NIELL, C. J., dissents; being of the opinion that this is not a case of res ipsa loquitur, but one which presents only a question of fact, which plaintiff did not prove.