**CAVARETTA v. UNIVERSAL FILM EX-
CHANGES, Inc., et al. \***

No. 1837.

Court of Appeal of Louisiana.   First Circuit.
June 14, 1938.

\*Rehearing  denied  July  27,  1938.

Ponder & Ponder, of Amite, for appellant.

Rosen, Kammer, Wolff & Farrar and Edwin C. Hollins, all of New Orleans, Ott & Johnson, of Franklinton, and Ellis & Bostick, of Amite, for appellee.

PORTER, Judge.

This is a suit in which plaintiff, Mrs. Roy Cavaretta, is seeking to recover damages for personal injuries which it is alleged she received on October 29, 1936 while she and her husband were attending a motion picture performance in the Atherton Theater, at Kentwood, Louisiana, owned and operated by A. O. Ott, one of the defendants, for which performance they had paid the regular price of admission. A film belonging to or which had been furnished by the Universal Film Exchanges, Inc. (hereinafter sometimes referred to as Universal Film) was being shown and exhibited in said theater at the time of the alleged accident, and Universal Film was therefore also made a party defendant.

The gravamen of the offense is that during the performance " * * * a flame flashed upon the screen and smoke filled the theater. That simultaneously with the flashing of the flame upon the screen there was a general cry of 'fire' and everyone stampeded." As a result of the stampede Mrs. Cavaretta claims she was knocked from her seat and suffered the injuries set out in her petition. She alleges that the film was defective in that it was spliced, joined and pieced together in such a fashion as to cause the machine to hang up and " * * * while in the operation of said machine, that the film was broken, and the heat, or a spark from the operation of said machine, ignited the film, which film, being of an explosive nature, readily burned, flashing the flame upon the screen through the focus and filling the theater with the smoke of burnt film, which is very noticeable and irritating". It is alleged moreover that Universal Film was negligent in supplying a spliced film and that Mr. Ott was negligent in showing same.

The plaintiff in her petition invoked the doctrine of res ipsà loquitur as to both defendants.

The defendants each filed exceptions of no cause or right of action, which exceptions were sustained by the district court, and plaintiff's suit dismissed. From that judgment plaintiff prosecutes this appeal.

The pertinent paragraphs of plaintiff's petition are as follows:

"9. Your petitioner shows that she and her husband were invited guests, paid an admission and were seated in the theater when a flame flashed upon the screen and smoke filled the theater.

"10. That simultaneously with the flashing of the flame upon the screen, there was a general cry of 'Fire' and everyone stampeded.

"11. Your petitioner shows that there were guests attending the theater, seated upon the same row that she was in and while they were attempting to get out, she was knocked from her seat upon the floor and was trampled and bruised to such an extent that she had to be carried from the place, then to the hospital and that from such bruises and injuries and treatment, there resulted to her permanent injuries, seriously impairing her health, causing a miscarriage and intensive pains, suffering and confinement.

"12. Your petitioner shows that said film was defective and that the handling and showing thereof was defective and that the said Universal Film Exchanges, Inc., were guilty of such negligence in connection with the showing of this film as to proximately cause and result in petitioner's injuries and loss.

"13. Your petitioner shows that the conducting and showing of a film is a hazardous and dangerous undertaking due to the explosive nature of the film, the heat, lighting and mechanical devices used in the showing of film.

"14. That your petitioner shows that in the making of and the handling of a film, it is reasonable to foresee the dangers and hazards accompanying the showing of same and it is reasonable to foresee that in the event of an explosion of or the igniting of a film, that a general fire alarm will be given and that in such event a stampede might result, causing serious injury to the guests of that particular theater.

"15. Your petitioner shows that the making of, the handling of and the showing of the film was entirely within the power and control of the Universal Exchanges, Inc., A. O. Ott and/or its agents and employees.

"16. Your petitioner shows that she had no control, no knowledge and no authority in the showing and/or handling of said film and that same was in the power and control and under the supervision of the defendants herein. * * *

"18. That your petitioner moreover is informed, believes and therefore alleges that the defendants were guilty of gross negligence in connection and handling of said film.

"19. Your petitioner shows that the Universal Film Exchanges, Inc., supplied to the Atherton Theater a defective film, that is, the film was spliced, joined and pieced together in such fashion as to cause the machine to hang up and that while in the operation of said machine, that the film was broken and the heat, or, a spark from the operation of said machine, ignited the film, which film, being of an explosive nature, readily burned, flashing the flame upon the screen through the focus and filling the theater with the smoke of burnt film, which is very noticeable and irritating.

"20. Your petitioner shows that the defendant, A. O. Ott was negligent in

not testing the film and in showing a film with the shutters of his filming machine open.".

Taking up first the exception of no cause or right of action filed by Universal Film. The specific act of negligence charged by plaintiff against Universal Film is that it supplied to Atherton Theater "a defective film, that is the film was spliced, joined and pieced together in such fashion as to cause the machine to hang up and while in the operation of said machine, that the film was broken and the heat, or, a spark from the operation of said machine, ignited the film, which film, being of an explosive nature, readily burned flashing the flame upon the screen through the focus and filling the theater with the smoke of burnt film which is very noticeable and irritating." (Paragraph 19)

■ The generally accepted statement of the doctrine of res ipsa loquitur is as follows:

"Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care. This statement of the rule of res ipsa loquitur * * * which has been widely quoted with approval, has been in substance most frequently adopted and applied * * * so that the occurrence of an injury under the circumstances therein set forth raises a presumption or permits an inference that the party charged was guilty of negligence". 45 C.J., p. 1193.

The above quotation has been frequently cited with approval by our courts, and particularly by the Supreme Court in the case of Jones v. Shell Petroleum Corp., 185 La. 1067, 171 So. 447. See also 20 R.C.L. page 187.

■ In order to invoke the rule of res ipsa loquitur it must be shown, first, that the thing which caused the injury complained of was under the control and management of the defendant or his servants, and second, that the accident was such as in the ordinary course of events does not happen if due care has been exercised. Moreover, the facts surrounding the accident must be peculiarly within the knowledge of the defendant and not equally accessible to plaintiff.

In the case of Jones v. Shell Petroleum Corporation, supra, the Supreme Court applied the foregoing rule and held that in the absence of explanation by the lessee as to the cause of the fire, the lessor of premises used for a gasoline filling station was entitled to recover for damages to premises caused by fire originating in a gasoline tank being filled from a tank truck and from there spreading to the premises, where the leased premises, the truck and tank were in charge of the lessee. In that case all the essential elements of the doctrine of res ipsa loquitur were present, that is the premises, the tank and the truck were under the defendant's control, the fire did not occur in the ordinary course of events, and the facts surrounding the accident were peculiarly within the knowledge of the defendant and not equally accessible to the plaintiff.

However, in the case of Bruchis v. Victory Oil Co., 179 La. 242, 153 So. 828, where the plaintiff sought to recover damages for a fire which occurred at a filling station where a gasoline truck was being unloaded into the filling station operator's tank, the Supreme Court refused to apply the rule of res ipsa loquitur for the reason first, that the conditions and circumstances shown by the evidence were not such as to warrant a reasonable inference that a static spark was not produced at the place where it was claimed that the fire originated, and second, that the defendant in the Bruchis Case did not own or control the premises where the fire originated, but only owned the truck and its parts. The court differentiated between the case of Standard Oil Company 'v. R. L. Pitcher Co., 1 Cir., 289 F. 678, and the case then under consideration as follows (page 832):

"One difference between that case [Standard Oil v. Pitcher] and the one at bar is that here the conditions and circumstances shown are not such as to warrant a reasonable inference that a static spark was produced at the place where it is claimed the fire originated.

"Another is that in that case, the defendant owned and controlled both the filling station and the truck and was responsible for the damage caused by fire of unexplained origin on its premises. *Here the defendant did not own or control the premises where the fire originat-*

*ed, but owned and controlled only the truck and its parts."* (Italics ours.)

The case of A. & J., Inc., v. Southern Cities Distributing Co., 173 La. 1051, 139 So. 477, grew out of an explosion of liberated gas in the basement of plaintiff's building. The defendant was serving the building natural gas, but the pipe conveying the gas from defendant's main in the street to plaintiff's building belonged to the plaintiff. The court held that inasmuch as the defendant had no control over plaintiff's premises in which the explosion occurred the doctrine of res ipsa loquitur was not applicable against the defendant and that the plaintiff carried the burden of proving that the negligence of the defendant was the proximate cause of the resulting damage. The court said (page 478):

"The plaintiff, to some extent, relies upon the doctrine of res ipsa loquitur (the thing speaks for itself). This is a rule of evidence peculiar to the law of a limited class of negligence cases; but where, as stated, the defendant has no control over the premises, or where there is a divided responsibility and the damage may have resulted from a cause over which the defendant had no control, all of the authorities hold, or at least the great weight of authority is, that the rule cannot be successfully invoked."

The courts have generally refused to apply the rule of res ipsa loquitur where the pleadings or the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons or causes, one of which was not under the management and control of defendant. Dunaway v. Maroun, La.App., 178 So. 710. 9 Blashfield Cyclopedia of Automobile Law and Practice, Permanent Edition, § 6043 et seq.

In the case of Larrabee v. Des Moines Tent & Awning Co. et al., 189 Iowa 319, 178 N.W. 373, plaintiff claimed damages for injuries sustained by the collapse of some circus seats rented and erected by the defendant to a photographer shortly after said seats had been turned over to and were in the control of the photographer. The Tent & Awning Company and the photographer were made defendants and the plaintiff invoked the doctrine of res ipsa loquitur. The court in holding the doctrine inapplicable as to Tent & Awning Company said:

"The doctrine of res ipsa loquitur does not apply unless the instrumentalities causing the accident were under exclusive control of the defendant, and where defendant erected circus seats for a photographer, leaving the same in his care, and they collapsed, injuring photographer's invitee, the doctrine of res ipsa loquitur does not apply where the accident might have been the result of the act of a third person in misplacing a support; defendant being under no duty to guard the structure."

Plaintiff's petition does not allege that Universal Film owned, controlled or operated or was in possession of the Atherton Theater or the projection machine through which the film was being run at the time of the alleged accident, nor does it show that any representative of Universal Film was present at the time. In the circumstances Universal Film could have no knowledge as to the cause of the alleged flash on the screen. From the doctrine announced in the foregoing cases it is therefore obvious that the rule of res ipsa loquitur is inapplicable as against the Universal Film Exchanges, Inc.

Nor do we think that the act of negligence charged against Universal Film in the petition constituted the proximate cause of the injury complained of. The only act of negligence charged against Universal Film (which allegation as well as all the others of the petition must in passing upon the exceptions of no right or cause of action be taken as true by this court) is that it supplied the Atherton Theater a defective film, in that the film was "spliced, joined and pieced together in such fashion as to cause the machine to hang up" (Paragraphs 12 and 19). Paragraph 20 of the petition alleges that the defendant Ott was negligent in not testing the film and in showing it with the shutters of his filming machine open. If Universal Film was in fact negligent in furnishing the spliced and pieced film it is difficult to understand how it could have reasonably been expected to foresee that the film would be so handled by the operator of the motion picture machine that the film would catch fire and project a flash upon the screen, or that the audience would send up a general cry of fire, resulting in a stampede, causing the injuries complained of by the plaintiff. As to the negligence of

Universal Film it would seem that because of certain alleged acts on the part of the defendant Ott which intervened between the time of the delivery of the film by Universal Film to Mr. Ott and the time of the accident, the negligent act of Universal Film became the remote cause of the accident while the said intervening negligent acts of Mr. Ott became the proximate cause thereof.

As stated, plaintiff charges the defendant Ott with negligence in not testing the film before showing it and in showing it with the shutters of his filming machine open. If such alleged acts constituted negligence on Ott's part they were an independent force having no connection with the alleged acts of negligence charged against Universal Film. But for the failure to test the film and to keep the shutters of the filming machine closed, there would have been no burning of the film, no flash on the screen, no smoke in the theater and no cry of fire in the audience, no stampede and no injury to the plaintiff.

"The proximate cause of an injury is that cause which in nature and continuous sequence unbroken by any efficient intervening cause produces the injury". 22 R.C.L. 110; Goodlander Mill Co. v. Standard Oil Co., 7 Cir., 63 F. 400, 27 L.R.A. 583.

"To constitute actionable negligence there must be not only causal connection between the negligence complained of and the injury suffered, but the connection must be by a natural and unbroken sequence without intervening efficient causes". 22 R.C.L. 113.

"Where, in the sequence of events between the original default and the final mischief an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate · cause and the other as the remote cause". Atchison, T. & S. F. Ry. Co. v. Calhoun, 213 U.S. 1, 29 S.Ct. 321, 323, 53 L.Ed. 671.

In New Orleans & N. E. R. Co. v. McEwen & Murray, 49 La.Ann. 1184, 22 So. 675, 38 L.R.A. 134, our Supreme Court announced the doctrine of proximate cause as follows (page 680):

"The negligence is not the proximate cause of the accident, unless, * * * under all the circumstances the accident might have been reasonably foreseen by a man of ordinary intelligence and prudence. It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been the probable consequence".

The court is therefore of the opinion that the alleged negligence of the defendant Universal Film was not the proximate cause of the injury complained of.

The court therefore having held that the doctrine of res ipsa loquitur is not applicable to defendant Universal Film Exchanges, Inc. and that the act of negligence which is charged against it is not the proximate cause of the accident, is of the opinion that the District Court was correct in sustaining the exception of no cause or right of action as to that defendant.

Taking up now the correctness vel non of the decision of the district court in sustaining the exception of no right or cause of action filed by the defendant Ott, we find, as aforesaid, that the specific acts of negligence charged against Mr. Ott were (a) that he ran the spliced and pieced film through the projection machine, and (b) that he failed to test the film and showed it with the shutters of his machine open. (In paragraph 21 of the petition it is alleged that defendant was further negligent in not having sufficient fire exits in the theater and with having improper seating arrangements. There are no further allegations of fact of any kind whatsoever in the petition from which the court can determine wherein the allegations of such negligence contributed in any manner to plaintiff's injury, and we shall therefore entirely disregard said allegations).

It is the established rule in Louisiana, as in other jurisdictions, that while a theater owner or operator is not the insurer of the patrons of the theater, he must use reasonable care not to create or permit conditions which endanger the persons of visitors or spectators who are in their proper places in seats provided for their use. Lonatro v. Palace Theatre Co., 5 La.App. 386; Jackson v. Saenger-Ehrlich Enterprises, Inc., La.App., 175 So. 688; McKelvy v. Capitol Amusement Co., La.App., 159 So. 143.

We do not think that the doctrine of res ipsa loquitur is applicable to the defendant Ott. It is true that plaintiff alleges that the defective film which was

being run through the motion picture machine with its shutters open was under the control of the defendant Mr. Ott, thereby causing a flame which flashed upon the screen, which in turn set in motion events which resulted in plaintiff's injuries. But plaintiff also alleges that " * * * simultaneously with the flashing of the flame upon the screen, there was a general cry of 'fire' and everyone stampeded." Might not the cry of fire have caused the stampede and the resulting injuries to the plaintiff rather than the flashing of the flame upon the screen? The plaintiff does not allege that there was any actual fire as a result of said explosion or that the smoke which filled the theater caused any injuries to the plaintiff. Moreover it is not alleged by the plaintiff that the accident was such as in the ordinary course of things would not have happened if those who had its management and control had used proper care. Further reference to the petition will show that the plaintiff had complete knowledge of all the facts surrounding the accident.

In the case of Gershner v. Gulf Refining Co., 171 So. 399, decided by this court, it was held that the party seeking to recover under the above referred to rule must not know or be in a position to know the causes of the accident for which recovery is sought and the court said:

"Res ipsa loquitur doctrine is not applicable where, from facts surrounding accident, both parties had full knowledge of circumstances and nature of accident, and accident might reasonably have been caused by other agencies than those for which defendant is responsible."

Even though the doctrine of res ipsa loquitur is not applicable against the defendant Ott, we are nevertheless of the opinion that the plaintiff has stated a cause of action against the defendant Ott.

Our conception of the law is that where the doctrine of res ipsa loquitur is applicable it simply shifts the burden of proof ordinarily borne by the plaintiff to the defendant.

"The phrase 'res ipsa loquitur' * * * is a term used in a limited class of negligence cases referring to the method of proof of general negligence. This doctrine * * is a rule of evidence and is an exception, or perhaps more accurately a qualification of the general rule that negligence is not to be presumed but must

be affirmatively proved. Thus, while the negligence of the defendant * * * cannot be inferred or presumed from the mere happening of an accident, the law, by virtue of the doctrine recognizes that an injury may occur under such circumstances that it may be sufficient to establish prima facie the fact of negligence without further or direct proof thereof." 45 Corpus Juris, p. 1196. See also 20 R.C.L. 187.

"Negligence is never presumed from happening of an accident, but the happening of accident with its attendant circumstances may justify inference of negligence." Jones v. Shell Petroleum Corp., supra.

In that case the Supreme Court said that where such a rule (res ipsa loquitur) applied, the burden was shifted to the defendant to explain the cause of the accident to escape the inference of negligence. See also Lonatro v. Palace Theatre Co., 5 La.App. 386, supra.

Therefore, even though the plaintiff cannot, in our opinion, invoke the rule referred to, she may nevertheless prosecute her claim if she has in fact set up a cause of action in her petition. This we think she has done.

If it can be proved by Mrs. Cavaretta as she alleges, that Mr. Ott was in fact negligent in running a spliced and pieced film through a projection machine without first testing the film and that as a result of said negligence the film while being so run was ignited and the flame was flashed upon the screen and the theater was filled with the smoke of the burnt film, causing a cry of "fire" and a stampede, as a result of all of which she was injured, and that said negligence was the proximate cause of the injury, she would be entitled to damages. As stated, these allegations of fact must all be taken as true in considering the efficacy of the exception of no right or cause of action filed by Mr. Ott. He will have ample opportunity on the trial of the case to prove whether or not he was guilty of negligence and also whether said negligence was the proximate cause of the accident complained of.

For the reasons herein given the judgment of the District Court in sustaining the exception of no cause or right of action filed by Universal Film Exchanges, Inc. is affirmed, but said judgment in sustaining the exception of no right or cause

of action filed by A. O. Ott is reversed and set aside and the case remanded to the District Court for further proceedings against said defendant Ott, according to law in accordance with the views herein expressed.

The costs of court incurred by defendant, Universal Film Exchanges, Inc. in both this and the District Court will be borne by the plaintiff, and the cost of the appeal of the defendant Ott will be borne by him. All other costs are to abide the final judgment in the case.

OTT, J., not participating, being recused.