The plaintiffs, husband and wife, sued the Standard Oil Co. of Louisiana, the Baton Rouge Coca-Cola Bottling Co., Ltd., and James Alexander Traylor to recover from them, in solido, damages for personal injuries received by both plaintiffs on January 15, 1942, when an explosion occurred as an employee of the Standard Oil Company was delivering gasoline from an oil *Page 411 
truck in the underground tank of a filling station operated by the defendant Traylor. The husband sued for damages in the sum of $17,523.24 and his wife sued for damages in the sum of $3,000. The suit was dismissed as to the Standard Oil Company and the Coca-Cola Company on exceptions of no cause or right of action filed by them separately. A similar exception filed by the other defendant, Traylor, was referred to the merits. The case is before this court on an appeal by plaintiffs from the judgment which dismissed their suit as to these two defendants.
A motion was filed in this court by counsel for the Coca-Cola Company to dismiss the appeal on the ground that the judgment appealed from is not final for the reason that the entire suit was not dismissed as to all three defendants. We are only concerned with the judgment insofar as it dismissed the suit against two of the defendants, and, regardless of what course the suit may take against the other defendant, the judgment against plaintiffs in favor of the Coca-Cola Company and the Standard Oil Company is just as final and binding on the plaintiffs as it would have been had the suit been dismissed as to all three defendants on an exception of no cause or right of action. And it is too well established to require citation of authority that a judgment which dismisses a suit on an exception of no cause or right of action is a final judgment and consequently appealable. The motion to dismiss the appeal is therefore overruled.
Briefly, the allegations in plaintiffs' petition by which they seek to hold the three defendants liable for the explosion and consequent injury to them are as follows: Plaintiff Gerald leased from defendant Traylor, in October, 1941, a filling station and sandwich shop and soft drink stand, all located in a single building on the north side of the Air Line Highway about three miles east of the Mississippi River Bridge in East Baton Rouge Parish; plaintiffs occupied a room in this building as a bedroom and operated the filling station and shop until December, when Gerald leased the filling station part of the premises back to Traylor, but he and his wife continued to operate the sandwich and cold drink shop in the building and continued to use the bedroom located in the building; the Standard Oil Company had sold gasoline to Traylor before Gerald had leased the station, and the latter continued to purchase gas from this Company after he leased the place, and Traylor also continued the purchase of gas from this Company after he got the filling station back from Gerald; on the morning of January 15, 1942, around 8:30 o'clock and before plaintiffs had gotten out of the bed which they occupied in the room located in the front of the building near the gasoline tanks, the driver of the Oil Company truck stopped at the filling station to deliver gas in the underground tanks, and while the driver was delivering this gasoline from his truck to the underground tanks by means of a hose, Gerald was awakened and arose from his bed and struck a match to light a cigarette, thereupon there was a tremendous explosion which blew out the front window and door of the room occupied by the plaintiffs and caused serious injuries to both of them, which injuries are set out fully in the petition.
The acts of negligence alleged by which plaintiffs seek to hold each of the three defendants are, in substance, as follows: (1) Traylor in that the three vent pipes in his building leading from the underground tanks were defectively constructed and improperly maintained in that these pipes extended under a concrete drive-way and then upwards between the walls of the building to the top of the flat top roof at a point in the southwest corner of the building just above the room occupied by plaintiffs; that these vent pipes did not extend above the level of this flat top roof, and the openings around these pipes on the top of the roof had not been caulked or closed; that the openings about said pipes extended downward and led directly to a manhole opening in the southeast corner of said room, thus causing the heavier-than-air gas fumes to seep down into the said bedroom through the ceiling; (2) as to the Coca-Cola Company, it is alleged that this Company, with the permission of Traylor, had erected an advertising sign about the edge of the flat top roof, which sign extended about 20 inches above the top of the roof on the south, east and west sides, thus causing the fumes coming up through these vent pipes to be bottled up and obstructed on three sides of the roof, thereby preventing these fumes from spreading and being diffused into the open air; (3) and, as to the Standard Oil Company, in delivering such a dangerous substance as gasoline in these storage tanks without ascertaining by inspection the unsafe and dangerous condition of these vent pipes which did not *Page 412 
extend a sufficient distance above the flat roof to properly carry off the gas fumes.
Plaintiffs allege that they are unable to say with any degree of certainty just what caused the explosion but believe it was caused by the joint negligence of the three defendants in the respects above summarized; that if the explosion did not occur from the causes alleged, they are without knowledge of its cause, and therefore rely on the doctrine of res ipsa loquitur and such facts as may be developed on the trial of the case.
As to the Coca-Cola Company, it is clear that no negligence is charged to it that could render it liable as a joint tort feasor, or otherwise, for the explosion, nor could the doctrine of res ipsa loquitur be invoked against this company. The fact that this Company put the advertising sign around three sides of this flat roof, with the permission of the owner, could not make this company liable for the explosion, even though plaintiffs could prove that the 20 inch frame around the three sides had a tendency to confine the fumes coming up from these vent pipes. In the first place, the company would not be charged with notice of any defect in the placing of these pipes, as they were placed in the building by the owner, and the company could not be held to anticipate that its placing of the sign on the building would increase the hazard from the fumes. The owner gave his permission for the sign to be placed on the building, and the sign became a part of the building insofar as a third person was concerned.
And the doctrine of res ipsa loquitur can not be pleaded against the Coca-Cola Company for the reason that the alleged facts show that the advertising sign, as well as the building to which it was attached, was not in its exclusive possession nor under its exclusive control; furthermore, it is not shown that if this advertising sign was a contributing cause of the explosion, the said company knew, or had the means of knowing, of the defects or negligence in its construction any more than the plaintiffs knew, or had the opportunity of knowing. In other words, no negligence could be pleaded or shown against this company, other than the special negligence which, as already stated, is not sufficient to fasten any liability on this company. The exception as to the Coca-Cola Company was properly sustained.
The situation is somewhat different as to the Standard Oil Company. As to this company, the petition shows that its driver not only had possession and control of the dangerous and inflammable gasoline, but that he was actually running this gasoline into the underground tank from which the fumes emanated that ignited when Gerald struck a match in his room adjacent to where the driver was handling the gasoline.
The Oil Company did not own or have control over the filling station and its equipment, including the underground storage tank and the vent pipes. If there were any defects in the storage tank or vent pipes, it was not the duty of the Oil Company as a mere vendor of gasoline to ascertain that the tank and pipes were properly constructed; it had a right to assume that the owner and operator of the filling station had properly constructed and was properly maintaining the equipment necessary and usual in the operation of such a station. See A. J., Inc., v. Southern Cities Dist. Co., 173 La. 1051, 139 So. 477.
We therefore conclude that the particular acts of negligence charged to this company in failing to inspect the pumps, vent pipes and other equipment before pouring gasoline into the underground tank fails to set out such negligence against this defendant as would render it liable for the explosion. We are therefore of the opinion that, insofar as this particular act of negligence is concerned, the exception of no cause or right of action was properly maintained.
But in the alternative, and in case this particular act of negligence was not the cause of the explosion, plaintiffs allege that they do not know the cause of it and therefore rely on the doctrine of res ipsa loquitur which they seek to invoke against this company.
Disregarding the specific acts of negligence charged to this defendant, plaintiffs are entitled to plead and invoke the doctrine of res ipsa loquitur, if the situation otherwise disclosed by their petition would make the doctrine applicable. Where a plaintiff alleges specific acts of negligence but is unable to prove them, or where such specific acts are not sufficient in law to render the defendant liable, the plaintiff may rely on the doctrine of res ipsa loquitur, if the pleadings or facts disclose a situation where the doctrine could be invoked. Pizzitola v. Letellier Transfer Company, Inc., La.App., 167 So. 158; Horrell et al. v. Gulf Valley Cotton Oil Co., Inc., 15 La.App. 603, 131 So. 709; 38 Am.Jur., Negligence, Section 305, p. 1001. *Page 413 
The question then arises as to whether or not plaintiffs set forth in their petition a situation making the doctrine of res ipsa loquitur applicable to the Standard Oil Company. Disregarding the specific acts of negligence alleged, the petition shows that this defendant, through its driver, had control and possession of the gasoline from which the fumes emanated, the ignition of which was the immediate cause of the explosion. If there was anything in the particular gasoline which was being poured into the underground tank that made it more volatile, or caused it to give off more fumes than the other gasoline which had been delivered in the same tank; or if this gasoline was poured into the intake pipe too rapidly or in a manner to cause it to give off more vapor than necessary; or, in short, if there was anything in this particular gasoline or the manner in which it was handled and delivered by this defendant which caused these fumes to pass through these vent pipes in greater quantity than on previous occasions, this defendant is certainly in a better position to know of such facts than the plaintiffs who had nothing to do with manufacturing the gasoline, storing, handling or delivering it.
If the evidence should show that the most probable cause of the explosion was some inherent element in the gasoline being delivered in the underground tank when the explosion occurred, or that the method and manner of handling the gasoline by this defendant's driver was the cause of the explosion, then it could be said that the cause of the accident was more within the knowledge of this defendant than plaintiffs, and in that case, it would devolve on said defendant to show that it was free from negligence. Motor Sales Service, Inc., v. Grasselli Chemical Co. et al., 15 La.App. 353, 131 So. 623; Jones v. Shell Petroleum Corporation et al., 185 La. 1067, 171 So. 447. So far as we know, the evidence may show that the explosion was caused from some inherent defect in the gasoline or the manner in which it was handled, and we think the plaintiffs have a right to offer proof so as to establish, if they can, a state of facts as to the cause of the accident which would enable them to invoke the doctrine of res ipsa loquitur against the Standard Oil Company. At least, the plaintiffs should not be precluded from offering evidence on this point by having their suit dismissed on an exception of no cause or right of action. We note that in practically all the cases in this state when the doctrine was either denied or allowed the question was determined on the evidence offered on the trial of the case, and not by sustaining an exception of no cause or right of action. In the case of A. J., Inc., v. Southern Cities Dist. Co., supra, the court reached the conclusion from a consideration of the evidence produced that the facts did not disclose such a situation as to justify the application of the res ipsa loquitur doctrine, but the court held that an exception of no cause or right of action was properly overruled.
It is contended by learned counsel for the Oil Company that plaintiffs' petition shows that Gerald was guilty of contributory negligence in striking a match in his bed room when he smelled gas fumes in this room. A petition which sets up a state of facts which show in themselves that a negligent act of the plaintiff was a proximate cause of the accident is subject to dismissal on an exception of no cause of action. However, the petition in this case does not show affirmatively that Gerald was guilty of contributory negligence. The fact, as alleged, that he detected the odor of the gas fumes in the room to some extent does not set up a situation to show conclusively that it was negligent to strike a match in the room. The mere fact that one can smell gas fumes in a room to some extent does not necessarily indicate negligence in striking a match in the room. Whether or not this act on the part of Gerald was negligence depends on the extent of the gas fumes and the circumstances existing at the time, and these matters can be properly determined after the evidence in that connection has been produced.
For the reasons assigned, it is ordered that the judgment appealed from be affirmed insofar as it sustained the exception of no cause of action filed by the Baton Rouge Coca-Cola Bottling Co., Ltd.; that said judgment likewise be affirmed insofar as it sustained the exception of no cause of action filed by the Standard Oil Company as to the specially pleaded acts of negligence against said Company, but as to the alternative plea of general negligence under the doctrine of res ipsa loquitur, said exception is hereby overruled and the case as to the Standard Oil Co. is remanded to the District Court to be proceeded with according to law and the views herein expressed; said company to pay the cost of the appeal, and all other cost to await the final termination of the cause. *Page 501