It is admitted by the majority opinion that the fire occurred while the truck of plaintiff's assured was undergoing repairs and while or after defendant's employees had removed the gas tank from the truck and while it was in the absolute custody of defendant and/or its employees.
Under these facts, I can see no real distinction between this case and the case of Jones v. Shell Petroleum Corp.,185 La. 1067, 171 So. 447. The only difference I can find is that in the Jones case, Mr. Jones was the lessor of the defendants, while in our case the truck was in the custody of defendant and its employees for repairs.
The case of Luke et ux. v. Security Storage Van Co., La. App., 24 So.2d 692, and the cases therein cited involved warehousemen where there were no employees of defendants present who could have explained the cause or origin of the fire. I find consolation for my dissent in the statement of the court in the Luke case, supra, citing the case of Poydras Fruit Co. v. Weinberger Banana Co., 189 La. 940, 181 So. 452, as follows: "The Supreme Court held the defendant (Weinberger) liable because it was unable to show the cause of the fire, but there the court said that that particular fire could not have occurred 'without negligence or incompetence.' "
My reading of the Poydras case, supra, leads me to the conclusion that it is applicable to this case. In that case the relationship between the parties was lessor and lessee. Quoting from 181 So. at page 456, Chief Justice O'Niell states: "According to the law which we have cited, if there were noindication or suggestion of negligence, in the report made by Capt. Johansen, the charterer would not have been obliged to prove that there was no negligence on the part of any officer or member of the crew of the ship. But, from the master's report of the accident, and the testimony which he gave as a witness for the defendant, it appears that the explosion whichwas the beginning of the fire was caused by some act committedby the fireman, Leroy Brooker, in his undertaking to light the oil burner in the fire box of the boiler." (Italics mine.) In our case it appears from the statement of facts as given in the majority opinion, two employees of defendant were in the act of removing or had just removed the gasoline tank of the truck when an explosion occurred and the fire started in that area of the floor approximately 12 inches in diameter and about one or two feet to the rear and side of the truck. It appears to me that unless there was negligence on the part of these two employees of the defendant, this explosion and the resulting fire would not have occurred and that the doctrine of res ipsa loquitur should apply.
Defendant failed to offer the testimony of the two employees who were removing or had just removed the gas tank from the truck. Its excuse for not doing so is that these two employees were in the armed service of this country, stationed somewhere in the Pacific at the time of the trial. It is to be noted that the fire occurred on November 20, 1941, and therefore this suit had to be filed prior to November 20, 1942, or within the prescriptive period, thus giving notice to defendant that it was being sued. The defendant has not shown when these two employees were inducted into the service. It is reasonable to presume that when one or both of these employees were inducted into the service, the defendant had had notice of service of the plaintiff's demand and could have had their testimony taken and perpetuated prior to their leaving the continental United States. It is solely due to its laches that the testimony of these witnesses was not introduced. I am of the firm opinion that defendant has not rebutted the presumption of negligence and therefore should be held liable.
I respectfully dissent. *Page 478