### AINSWORTH v. LOUISIANA & A. RY. CO. et al.
### Civ. No. 542.

United States District Court
E. D. Louisiana, Baton Rouge Division.
April 30, 1949.

Sam J. D'Amico, Baton Rouge, La., for plaintiff.

Milling, Godchaux, Saal, Milling, New Orleans, La., for defendant.

CHRISTENBERRY, District Judge.

One Walter Ainsworth, an employee of Dunham-Wilson Manufacturing Company, Inc., Baton Rouge, Louisiana, was engaged in unloading a box car then situated on the switch track of his employer. While Ainsworth was so engaged the box car turned over from its tracks, fatally injuring him. His widow brings this suit, the original defendants being Louisiana and Arkansas Railway Company, Chicago, Rock Island and Pacific Railway Company in Receivership, and Illinois Central Railroad Company. The box car in question belonged to Chicago, Rock Island and Pacific Railway Company. It was hauled during part of its journey to its destination by Illinois Central, and was received by Louisiana and Arkansas from that railroad and delivered to the switch track of the deceased's employer.

The complainant, on information and belief, alleges that the Chicago, Rock Island and Pacific Railway Company was the owner of the car, and that the other two railroads were lessees of it, complainant alleging that she does not know the exact relationship of each of the defendants to the car. The complaint makes no specific allegation of negligence, nor does it allege particular facts from which negligence may be inferred.

The complainant alleges that the doctrine of res ipsa loquitur is applicable to the facts of the case, and relies entirely on that doctrine.

Illinois Central Railroad has been dismissed from the suit on its motion to dismiss on the ground that the complaint states no claim upon which relief can be granted. The matter is now before the Court on a similar motion of Louisiana and Arkansas Railway Company, hereinafter referred to as defendant.

Briefly stated, the grounds for such motion are that, as to defendant, the doctrine of res ipsa loquitur is not applicable to the facts alleged, in that a prerequisite to the application of that doctrine is an allegation that the instrumentality causing the accident was under the control of the defendant; that the complaint contains no such allegation, but, on the contrary, specifically alleges that the box car in question had been switched to the side track of the Dunham-Wilson Manufacturing Company, Inc.; that this is an affirmative allegation that the car was no longer under the control of the defendant; and that the doctrine of res ipsa loquitur not being applicable, and the complaint containing no allegation of negligence as to the defendant, or allegations of fact from which defendant's negligence may be inferred, the complaint should be dismissed as to defendant.

The question to be decided here is whether the doctrine of res ipsa loquitur

is applicable to the facts alleged, insofar as defendant Louisiana and Arkansas Railroad is concerned. A decision of this question is controlled by the law of Louisiana, the place where the accident occurred. See: Chicago, Rock Island and Pacific Railway Company v. James McClanahan, 5 Cir., 173 F.2d 833, citing Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

As was stated by the Court of Appeals for this circuit in Chicago, Rock Island and Pacific Railroad Company v. James McClanahan, supra: "Under the law of Louisiana, which governs here, when a thing that causes injury, without fault of the injured person, is shown to have been under the exclusive control of the defendant, and the injury is such as ordinarily does not occur if the one having such control uses due care, then the presumption is that the injury was caused by the defendant's lack of proper care."

And the Supreme Court of Louisiana, in the leading case of Lykiardopoulo v. New Orleans & Carrollton Railroad, Light & Power Company, 127 La. 309, 53 So. 575, 576, Ann.Cas.1912A, 976, in referring to the doctrine, said: "In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself—res ipsa loquitur—that is to say, that a presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence of negligence. Res ipsa loquitur."

Applying the tests thus stated, what do we find? It may be true that the accident was one which ordinarily does not occur when due care has been exercised, but in the circumstances of the case, as shown by the pleadings, can the defendant be assumed to be fully informed as to the cause of the accident, while the plaintiff cannot be expected to have any information on the subject? Can the defendant be said to have been in exclusive control of the box car at the time of the accident? It seems clear that these questions must be answered in the negative. As has been stated, the box car was received by the defendant from the Illinois Central Railroad. It was hauled only a short distance by the defendant as a connecting carrier, and necessarily was in the possession of the defendant for only a short space of time.

Assuming that the accident was caused by a defect in the car, the accident occurred on a switch track over which the defendant exercised no control. The box car was being unloaded by the deceased and his fellow-workers, all of whom were persons over whom the defendant exercised no control. There is no allegation, or reason to believe, that any representative or employee of defendant was present at the scene of the accident, at the time it occurred. In other words, all control and management of the offending box car by the defendant ceased when it placed the box car on the side track some time before the accident occurred.

In the case of Smith v. United States, 5 Cir., 96 F.2d 976, 978, the Court said: "* * * The doctrine is not applicable in any case unless, by a process of probable reasoning, the facts and circumstances point out the wrongdoer, the tortious character of his act, and exclude other probable causes of the injury. The doctrine is not proof and does not supply a want of proof. It is a rule of interpretation by which evidence of facts is made to speak the logical conclusion naturally flowing therefrom. * * *"

Certainly, the facts and circumstances here alleged do not by a process of probable reasoning point out the wrongdoer and exclude other probable causes of the injury. On the contrary, it is just as reasonable to suppose that the accident was brought about by other causes for which defendant could not be held responsible, such as improper unloading or defective rails or cross-ties in the switch track.

For the doctrine to be applicable the facts and circumstances must speak the negligence of the defendant. It is not enough that they merely show negligence on the part of some one.

As pointed out by Judge Hutcheson in his concurring opinion in Chicago, Rock Island and Pacific Railroad v. McClanahan, supra, there is a class of cases in which the doctrine has been applied, where the instrumentality at the time of the accident was no longer under the immediate control and management of the defendant. In the case of Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 709, 3 A.L.R.2d 1437, the Supreme Court of Louisiana said:

"In determining the applicability of the doctrine the courts often resort to the possession test, i. e., whether or not the instrumentality allegedly causing the accident was at the time in the exclusive possession and control of the defendant. A. & J., Inc., v. Southern Cities Distributing Company, 173 La. 1051, 139 So. 477; Jones v. Shell Petroleum Corporation et al., 185 La. 1067, 171 So. 447; Davis v. Teche Lines, Inc., 200 La. 1, 7 So.2d 365.

"But the fact of possession and control by the defendant is not always an essential element. The doctrine has been held to be applicable in numerous actions where the offending articles were not possessed and controlled by the defendants on the occurrence of the accidents, such as those for damages resulting from exploding bottles of carbonated beverages, from leakage of drums of acid, and from the blowout of a plug in a cylinder of acetylene gas. Important though in actions of this class is that the plaintiff prove freedom of fault on the part of all through whose hands the instrumentality passed after it left the defendant. Motor Sales & Service, Inc., v. Grasselli Chemical Co. et al., 15 La.App. 353, 131 So. 623; * * *."

This case is not one of that exceptional class. But assuming arguendo this to be a case in which possession of the instrumentality at the time of the accident is not essential to the application of the doctrine, there would be, here, a divided control and management, and it is clearly the law of this state that under such circumstances the doctrine can have no application. See Cavaretta v. Universal Film Exchange, La.App., 182 So. 135, 139; A. & J., Inc. v. Southern Cities Distributing Co., 173 La. 1051, 139 So. 477, 478.

It appearing from the face of the pleadings that the doctrine is not applicable as to the defendant Louisiana and Arkansas Railroad, its motion to dismiss must be granted, and judgment dismissing the action as to it will, accordingly, be entered.