146 So.2d 275 (1962)
Silas E. THOMAS, Plaintiff-Appellant,
v.
LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendant-Appellee.
No. 642.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1962.
*276 Pickett & Self, by Thomas A. Self, John P. Godfrey, Many, for plaintiff-appellant.
Bodenheimer, Looney & Richie, by G. M. Bodenheimer, Jr., Shreveport, for defendant-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiff, Silas E. Thomas, brings this suit for damages against Lumbermen's Mutual Casualty Company as the result of an accident occurring on Louisiana Highway No. 1 near Powhatten, Louisiana, at 10:15 P.M. on November 24, 1959. Plaintiff alleges that while he was proceeding in a southerly direction at a slow rate of speed and preparing to turn right off the highway, he was struck from the rear by a vehicle being driven by defendant's assured, one Leslie M. Norsworthy. Plaintiff alleges the Norsworthy vehicle was traveling at a grossly excessive rate of speed; that Norsworthy was negligent in failing to maintain proper control over his vehicle; in failing to maintain a proper lookout; and in driving into the rear of plaintiff's vehicle.
Defendant answered, denying all essential allegations of plaintiff's petition; affirmatively alleging the accident was the result of plaintiff's negligence, and alternatively pleading plaintiff's contributory negligence.
After a trial on the merits, the district judge rejected plaintiff's demands and dismissed his suit. In his written opinion, the trial judge found that plaintiff was operating his vehicle without a tail light or other warning device, and that he was guilty of negligence, and that his negligence was a proximate cause of the accident, thus barring recovery. From this judgment plaintiff has appealed to this Court.
Defendant, Norsworthy, died shortly after the accident as a result of the injuries he sustained in the accident in the instant case.
On cross-examination of plaintiff's witness, Jack Gilcrease, counsel for defendant asked Gilcrease if he heard the statements made by Norsworthy shortly after the accident. Counsel for plaintiff objected strenuously to this line of questioning on the grounds that it was hearsay. The district judge overruled the objection made by counsel for plaintiff and allowed Gilcrease to testify. Gilcrease stated that Norsworthy said he did not see any lights on plaintiff's truck.
Also, on direct examination of Robbie George Barnes, counsel for defendant asked him the following question:
"Q. Now, before you got him out of the vehicle did Mr. Norsworthy make any statement to you with reference to how the accident happened?"
Counsel for plaintiff objected to the question; however, there is no record of the judge's ruling on the admissibility of the question, and Barnes gave the following answer:
"A. Well, he told me this, that he hit a pulpwood truck or a log truck, that it was sitting still in the highway or was almost still, he couldn't tell which and he was right on it, that it didn't have any lights on it and he was right on it before he seen it and there wasn't anything to do but hit it."
Since the statements were made by Norsworthy shortly after the accident, this Court is of the opinion that the trial judge correctly allowed the evidence to be admitted in the instant case. Lanis v. Illinois Central R. Co., 140 La. 1, 72 So. 788; Donaldson v. Riddling's Succession (La.App., 2 Cir., 1933), 145 So. 804; Temple v. Martin Veneer Co. (La.App., 1 Cir., 1941), 200 So. 676; Auzene v. Gulf Public Service Co. (La.App., 1 Cir., 1939), 188 So. 512; and, Stewart v. Herrin Transportation Co. (La.App., 1 Cir., 1948), 37 So.2d 30.
In the Lanis case, supra, the Supreme Court of this State stated that a declaration *277 by a person fatally injured in an explosion, uttered immediately after the explosion, under great excitement and under such circumstances as to preclude any design or falsification on his part, as to how the explosion occurred, is excepted from the general rule excluding hearsay or self-serving declarations, and is admissible in evidence as part of the res gestae.
In his brief and on oral argument, counsel for plaintiff contends that the proximate cause of the accident was the negligence of defendant Norsworthy; alternatively, that plaintiff should recover under the doctrine of res ipsa loquitur; and, in the further alternative, that defendant had the last clear chance of avoiding the accident, and under this theory of law plaintiff should recover if the other contentions are rejected.
The evidence reveals that at approximately 10:15 P.M. on November 24, 1959, plaintiff was driving his truck on Louisiana Highway No. 1, and that he was struck from the rear by a vehicle driven by Leslie M. Norsworthy. The evidence also reflects that the road was straight at the scene of the accident and for some distance in either direction, and the night was clear.
The preponderance of the evidence in the instant case reveals that the plaintiff did not have any tail lights on his truck. This was verified by two (2) state troopers, Trooper Lemon Weaver and Trooper Sergeant Herman R. Reed.
LSA-R.S. 32:293 provides:
"Every motor vehicle and every drawn trailer or semi-trailer shall carry at the rear a lamp of a type which has been approved by the department and which exhibits a red light plainly visible, under normal atmospheric conditions, from a distance of five hundred feet to the rear and so constructed and placed that the number plate carried on the rear of such vehicle shall under like conditions be so illuminated by a white light so as to be read from a distance of fifty feet to the rear."
LSA-R.S. 32:296 provides:
"All vehicles not heretofore in this chapter required to be equipped with specified lighted lamps, shall carry one or more lighted lamps displaying a white light visible, under normal atmospheric conditions, from a distance of not less than five hundred feet to the front and displaying a red light visible, under like conditions, from a distance of not less than five hundred feet to the rear."
Plaintiff contends that the trial court was in error in finding that plaintiff did not have any tail lights on his truck at the time of the accident, but that if this contention is correct, plaintiff should still recover because the proximate cause of the accident was the negligence of defendant, Leslie M. Norsworthy, in driving his vehicle in excess of the speed limit of this State. The evidence reveals that the defendant was driving between 60 and 70 miles per hour when his vehicle struck the truck driven by plaintiff.
Counsel for plaintiff further contends that even if the plaintiff violated LSA-R.S. 32:293 and 32:296, the non-compliance of the above statutes was, at most, a remote cause of the accident and did not constitute negligence on the part of plaintiff.
The contention might be valid if it were not for the ruling of the Supreme Court in the case of D & D Planting Co. v. Employers Casualty Company, 240 La. 684, 124 So.2d 908. In that case, the court found the facts to be that on July 30, 1958, at approximately 8:00 P.M., with the weather clear and the road surface straight and dry, one Edwards was driving his employer's farm tractor and towing a liquid fertilizer machine south on Louisiana Highway No. 1. There were no lights on the trailer, but the tractor was equipped with a dashlight, headlights, and a light *278 attached to the rear of the driver's seat, all of which were functioning. The rear light reflected down and hit the ground approximately 20 feet to the rear of the tractor. Edwards was driving south with his headlights on, and was struck from the rear by a vehicle driven by one Neely, who was driving at a speed between 50 and 60 miles per hour. Prior to the striking of the vehicle driven by Edwards, Neely skidded approximately 159 feet before the impact. The court held that the failure to equip the trailer with lights or reflectors as required by LSA-R.S. 32:293 and LSA-R.S. 32:296, constituted negligence which was actionable, as there was a causal connection between it and the accident, and the accident would not have occurred except for a violation of such statutes.
The D & D Planting Company case, supra, is very similar to the instant case.
Trooper Weaver, who examined the accident, testified he found skid marks from Mr. Norsworthy's vehicle for approximately 100 feet down the right hand side of the road, and the skid marks continued up to the point where his vehicle stopped after the collision.
We are of the opinion that the failure of the plaintiff to comply with the law, in that he did not have a tail light on his truck, is a proximate cause of the accident in the instant case, and that he was negligent in not so complying with LSA-R.S. 23:293 and LSA-R.S. 23:296.
Able counsel for plaintiff argues, in the alternative, that this Court should apply the doctrine of res ipsa loquitur.
In the case of A. & J., Inc., v. Southern Cities Distributing Co., 173 La. 1051, 139 So. 477, in discussing the doctrine of res ipsa loquitur, the court said:
"* * * This is a rule of evidence peculiar to the law of a limited class of negligence cases; but where, as stated, the defendant has no control over the premises, or where there is a divided responsibility and the damage may have resulted from a cause over which the defendant had no control, all of the authorities hold, or at least the great weight of authority is, that the rule cannot be successfully invoked."
In view of the facts in the instant case, this Court is of the opinion that the doctrine of res ipsa loquitur is not applicable.
The last contention advanced by plaintiff is that defendant had the last clear chance of avoiding the accident, and, therefore, plaintiff should recover for the damages suffered by him.
In the case of Maryland Casualty Company v. Allstate Insurance Company (La.App., 2 Cir., 1957), 96 So.2d 340, the court said that before the doctrine of last clear chance may be applied in any given case, three (3) elements must exist: plaintiff must be in a position of peril of which he is unaware or unable to extricate himself; defendant must be in a position where he actually discovered, or should have discovered, the plaintiff's peril; and, defendant should have discovered the plaintiff's peril at such time as he could have, by the exercise of reasonable care, avoided the accident.
Applying the tests used above to the facts of this case, we are of the opinion that the doctrine of last clear chance does not apply here because the evidence does not show that defendant actually discovered or should have discovered plaintiff's peril in time to avoid the accident.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.