DUFRESNE, Judge.
This is an appeal by William Inglett, plaintiff-appellant, from a summary judgment in favor of St. Ann School and Church and Louisiana Power and Light Co., defendants-appellees, in a suit for personal injuries. Because we find no error in the trial court proceedings, we affirm.
The undisputed facts, as revealed in the plaintiff’s deposition are these. In the summer of 1980, St. Ann School and Church hired Ward Construction Co. to install some playground lights. As a part of that project, Ward had to install a 150 amp disconnect apparatus which was supplied by it. There is no allegation that the existing electrical boxes or other equipment at the school were defective or in need of repair.
Inglett was an electrician employed by Ward to install the device in question. In-glett’s foreman, Greg Parke, had originally intended to call Louisiana Power and Light Co. to request that they turn off the power before the work began. Unfortunately, Parke was distracted by other matters at the job site and never made this call. *792 When Inglett arrived at the job, he determined that the power was still on. When Parke was asked about this, he informed Inglett that he had not made the call, and instructed him to go ahead and work the job “hot”. He also provided Inglett with a pair of -insulated gloves to do the job. During installation, Inglett could not get the screw holes lined up. Finding the gloves too cumbersome for the work, he removed them. He then used a metal pry bar to try and line up the holes. While doing this the electric current arced some ten inches to the bar and Inglett was severely injured.
Suit was subsequently filed against Ward Construction Co., Thomas Ward, an officer of the company, St. Ann., L.P. & L. Co., and General Electric and Westinghouse Companies as alleged manufacturers of the disconnect apparatus. In 1981, exceptions of no cause of action were maintained in favor of Ward Construction Co. and Thomas Ward. No appeal was taken from those judgments, and no amended petitions were filed. In December of 1983, Motions for Summary Judgment were granted in favor of St. Ann and L.P. & L. As far as can be determined from the record, the suit against General Electric and Westinghouse is still pending. It is from the Summary Judgment in favor of St. Ann and L.P. & L. that Inglett now appeals.
In brief, Inglett urges that the Exception Of No Cause Of Action was improperly maintained in favor of Ward Construction Co. This issue is not properly before us. The exception was maintained in 1981. Inglett neither appealed nor attempted to amend his petition so as to state a cause of action. The dismissal of Ward Construction Co. was a final appealable judgment, and as no appeal was timely taken, this issue is not properly before this court. Gerald v. Standard Oil Co. of Louisiana, 10 So.2d 409 (La.App. 1st Cir.1942).
Inglett also contends that General Electric was improperly dismissed on Summary Judgment. There is no such judgment appearing in the record. Absent such a judgment, this court cannot rule on this issue.
In regard to St. Ann and L.P. & L., Inglett argues that Summary Judgment was improperly granted because there were material facts in dispute. We find no such disputed facts in the record.
As to St. Ann, Inglett stated in deposition that no one from Ward requested that it undertake to have the power turned off. Inglett further stated that he was not repairing any defect at the school but was rather installing electrical equipment. He further admitted that no one from the school was present when he was injured. In Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), the court stated that a landowner will not be liable to others injured on his property where in the management of that property he has acted as a reasonable man in view of the probability of injury to others. On the facts admitted by Inglett, we find nothing even approaching unreasonable management of its property by St. Ann.
As to L.P. & L., the standard of liability for an electric power company is “fault”. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). There is no dispute as to any fact here which might establish fault or negligence on the part of L.P. & L. Inglett was not working on any equipment owned or in the possession of L.P. & L. L.P. & L. was not informed of the work, nor was it requested to turn off the power. Under these circumstances, they were simply not at fault.
We therefore hold that the trial court properly found that there was no dispute as to any material fact, and that St. Ann School and Church, and Louisiana Power and Light Company were entitled to judgment as a matter of law.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.