This is a suit brought by an insurance company to recover $250 from the defendant, that being the amount it had to pay for damage by fire to a truck of the Gulf Public Service Company which it had insured.
Briefly stated the facts in the case are these:
Gulf Public Service Company operated a number of trucks in and around Eunice, Louisiana, and the Eunice Motor Car Company, Inc., defendant herein, attended to *Page 475 
repairing and keeping up a number of them. The truck in question was undergoing repairs in the defendant's garage on November 20, 1941 when a fire occurred in the garage and it was damaged. The plaintiff insurance company paid on the policy which it had issued, became subrogated to the rights of its assured and brought this suit on the subrogation against the Eunice Motor Car Company, Inc., contending that it is liable under the doctrine of res ipsa loquitur.
The defense to the suit is a denial of liability under the contract of bailment between the defendant and the Gulf Public Service Company and in the alternative a denial of any breach of duty on its part as to the care required of it in handling, repairing and taking care of the truck.
The district judge was recused because of his relationship to the attorney for the defendant and the case was tried before an attorney who had been called to act as judge ad hoc in the case. He filed written reasons for judgment in which he rejected the plaintiff's demand, whereupon this appeal was taken. Defendant filed a pro forma answer to the appeal.
Counsel for defendant stresses the first defense presented with regard to the contract of bailment under which he contends that the defendant was not to be held responsible for loss or damage to cars in case of fire, but in view of the conclusion we reached on the other issues that are presented in the case it is unnecessary for us to discuss and decide the question of limitation of liability under the bailment.
[1-3] Plaintiff's case is built on the doctrine of res ipsa loquitur. It is conceded that that doctrine is applicable but even so it contemplates that the plaintiff should do more than show that a fire occurred in the defendant's garage and that the truck it insured was damaged and consequently the defendant is liable. The doctrine, as we know, gives rise to some sort of presumption or an inference of negligence on the part of the defendant, and in a fashion changes the burden of proof to some extent, but that is all. It is based on the theory, as stated in the case of Jones v. Shell Petroleum Corp., 185 La. 1067,171 So. 447, 449, that "Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in absence of explanation by defendant, that the accident arose from want of care." That is a general statement of the rule as applied to any case in which it is involved. With regard to cases of bailment in which the rule is invoked, the rule seems to be that a bailee, in order to escape liability for loss by fire of goods which he has under bailment is not held to the duty of showing exactly how the fire originated and all that it is required to do is to show that it was free of negligence. In other words a plaintiff in such a case cannot rest merely upon a showing that he had bailed his property and that it was damaged by a fire in the bailee's premises, and that it then devolves upon the bailee to show exactly how the fire occurred in order to exonerate himself from liability. The burden placed on the bailee is to show that he was free from negligence without having to account for the actual cause of the fire.
[4] In deciding the present case the trial judge cited and seemed to rely on the decision in the case of Luke et ux. v. Security Storage Van Co., Inc., La. App., 24 So.2d 692, 693. In that case, the Court stated: "We need not cite a host of authorities to show that a bailee is not responsible merely because the goods which formed the object of the bailment have been destroyed" and it then quoted from the case of Poydras Fruit Co. v. Weinberger Banana Co., 189 La. 940, 181 So. 452, what is considered the proper rule, as follows: "* * * When the bailee shows that the property was destroyed by fire, and there is nothing in the showing made by the bailee to indicate that there was fault or negligence on his part, the burden of proof rests upon the bailor to show that there was fault or negligence on the part of the bailee." To us that means that once the bailee has shown that the damage was caused by fire and also shown his freedom from negligence in connection with it, the *Page 476 
burden of proof then shifts back to the bailor to show that there was fault or negligence on his part before he can recover.
[5] Taking this to be a correct statement of the law we have then to determine from the facts adduced by the defendant bailee in the present case whether it has shown that it was free of negligence in the fire and if so then has the plaintiff bailor shown any fault or negligence against it.
The testimony is not long nor is it involved to any extent.
The defendant operates what appears to be a modern garage, equipped with all modern appliances and its employees are men of experience in their line of work. The building is constructed of fire proof material, fire extinguishers are kept on hand and employees instructed in their use. The floors are generally kept clean and gasoline usually wiped from the floor of the repair shop throughout the day.
On the day that this fire occurred two mechanics had been given instructions to remove the gasoline tank from off the truck which was to be repaired and while that operation was going on an explosion was heard. One of the witnesses testified that immediately thereafter he saw flames in that area of the floor approximately 12 inches in diameter and about one to two feet to the rear and side of the truck. He was working underneath a car next to the truck and as soon as he came out he saw the tank which the other mechanics had been working on lying against the back of the truck and resting on the floor, with flames around it. The two men who had been working on this tank were using an electric drop light which was placed across the frame of the truck about two to four feet from the gasoline tank. He did not notice at that time whether the bulb of the drop light was broken or whether it was burning but after the fire he noticed that it was broken.
Another witness, the defendant's shop foreman who was in the store room at the time, heard the noise which he took to mean that the men had dropped the tank on the floor. He walked into the garage and saw the flames still confined in the area to the left of the tank. After the fire had been extinguished the tank was lying on the floor about three feet to the rear of the truck.
This constitutes the sole proof in the case with regard to how the fire originated and as far as we can see its origin is confined within the realm of conjecture and speculation. Counsel for plaintiff infer four causes from which they claim it may have originated but these are merely inferences from which, as we view the record, no negligence appears on the part of the defendant or its employees. Some stress is laid on the point that perhaps gasoline was splashed on the hot electric light bulb the two mechanics were using, and then ignited. The proof is however that this drop light was strung across the frame of the truck two to four feet removed from the tank and besides the bulb was protected by a wire guard which is the usual way such lights are handled by mechanics at work on motor vehicles. Something is said too about the light bulb having been found broken after the fire had been put out but it would be reasonable to assume that it might have exploded in the heat of the fire after the fire had a good start. As we have said however, these are mere conjectures and suspicions as to how the fire may have originated and as held by the court in the case of Dupuis v. Graeme Spring Brake Service, La. App.,19 So.2d 657, such suspicions or coincidences as are found in the testimony do not justify any definite conclusion as to any specific act of negligence.
[6] Counsel for plaintiff dwell quite a bit on the point that the two mechanics engaged in removing the tank at the time the fire started were not called as witnesses to testify in the case and that this raised a presumption that the defendant is trying to hide facts from the court. The proof shows however that both of these men were, at the time of the trial, and had been for some time before, in the service of their country, both being stationed at the time in the Pacific war area and being constantly shifted from one place to another as were nearly all service men at the time. Certainly it could not be expected that they could have been called to testify and under the circumstances it would have been *Page 477 
impossible to obtain their testimony by deposition as suggested by counsel. Lack of their testimony under the circumstances cannot give rise to the usual presumption that it would have been adverse to the cause of this defendant.
The decision of the lower court is found to be correct and the judgment appealed from is therefore affirmed at the costs of the plaintiff, appellant herein.