This case is on rehearing. Our original opinion in the case is reported in 28 So.2d 474.
The suit is to recover damages to a truck owned by the Gulf Public Service Company caused by fire and which damage the plaintiff insurance company paid to the owner of the truck and received a subrogation of its claim against the defendant. The fire which damaged the truck for which recovery is sought originated in the garage of the defendant while the gas tank on the truck was being removed by two of defendant's employees, namely; Gurvis Sonnier and Percy Doucet. Neither one of these employees testified at the trial of the case. The fire occurred on November 20, 1941, and this suit was filed in April, 1942. In October, 1942, counsel for plaintiff propounded interrogatories on facts and articles to the Secretary-Treasurer of the defendant company, the principal purpose of these questions being to ascertain the names and addresses of the employees who were working on this truck at the time the fire started. It appears that these interrogatories were answered by the Secretary-Treasurer in November, 1942, and were duly filed in the record of this case. However, for some unexplained reason the answers to these interrogatories are not in the record and cannot be located. From a copy of these answers annexed to the brief filed by counsel for plaintiff on the rehearing, it appears that at the time these interrogatories were answered the employee, Sonnier, resided in Eunice, St. Landry Parish, and Doucet resided in Port Arthur, Texas.
The case was not tried until September 20, 1945, and plaintiff had a summons issued for both of these employees to appear on that day for cross-examination. The return on the summons shows that these witnesses were in the United States Navy. At the beginning of the trial counsel for plaintiff called for these two witnesses for cross-examination, but it was shown that they were in the military service, and the case proceeded to trial. The record does not show what effort, if any, was made by the defendant to obtain the testimony of these two witnesses, its employees at the time of the fire.
As we held in our original opinion, the doctrine of res ipsa loquitur applies to this case. It was shown at the trial of the case that the fire that damaged the truck started with a kind of explosion; that these two above-mentioned employees were removing the gas tank from the truck, and the fire started one or two feet from this gas tank; that an electric drop light was strung across the truck to give light for these two workmen, and after the fire was extinguished, it was found that the bulb on this drop light was broken.
[1] Unquestionably, these two men, Sonnier and Doucet, were in a better position than any one else to know what caused the fire and the other facts accompanying the start and progress of the flames which damaged the truck. While the defendant was not required to show what caused the fire, it was obliged to produce all the evidence available in order to exculpate itself from the implication of negligence under the res ipsa loquitur doctrine. Royal Ins. Co., Limited, of Liverpool, England, v. Collard Motors, Inc., La. App., 179 So. 108.
[2] The reason that the defendant was under a special duty to produce all the available evidence in this case is because of the fact that the cause of the fire was more within the knowledge of its employees than that of the plaintiff. While it might have been difficult to procure at the time of the trial the testimony of the two men who were working on the truck, yet it remains a fact that at least up to November, 1942, the testimony of these two men could have been procured and preserved. In any event, it may be that the testimony of one or both of these men can now be procured by the defendant. At least the defendant should make a better showing of its efforts to get their evidence, and its inability to procure the testimony of either or both of them.
[3] An effort should also be made to locate and file in the record the answers to the interrogatories on facts and articles made by the Secretary-Treasurer of defendant *Page 443 
company in November, 1942, and if the original answers cannot be found, that copies thereof, when properly identified, be produced in their stead so as to complete the record.
In view of the situation presented in this case, we think the ends of justice will be met by exercising the discretion given us under Article 906 of the Code of Practice and remand the case for the purpose of having filed in the record the answers to the interrogatories on facts and articles above referred to, or copies thereof, and for the purpose of taking such additional testimony as either side may desire to offer.
[4] Counsel for the defendant seemed to stress in his argument on the rehearing that the defendant is not liable under any condition for the reason that the Gulf Public Service Company, the owner of the truck, had consented to the conditions printed on the repair orders or invoices used by the defendant company in its business. There is printed on these forms a clause to the effect that the defendant will not be responsible for loss or damage to cars in case of fire, theft, accident or any other cause beyond its control. This defense is untenable for two reasons: In the first place, the evidence does not show that the owner of the truck ever consented to these conditions; and in the second place, the condition only seeks to relieve the defendant from liability for damage caused from fire, or other cause beyond its control. If the fire was caused by defendant's negligence, or that of its employees, the damage could not be said to result from a cause beyond the control of the defendant.
For the reasons assigned, it is ordered that our former decree be and the same is hereby recalled and set aside, and it is now ordered that the case be remanded to the district court for the purpose of having filed in the record the answers, or copies thereof, of C.A. Mornhinveg, Secretary-Treasurer of defendant company, to the interrogatories on facts and articles propounded to him, and for the purpose of taking such additional and relevant testimony as either side may desire to offer, after which the matter is to be submitted to the trial court, all according to law and the views herein expressed; the defendant to pay the costs of the appeal, and all other costs to await the final termination of the cause. *Page 574