HARDY, Judge.
This is an action in jactitation instituted by the eleven named plaintiffs who prayed that defendant be ordered to disclaim title to the property described in plaintiffs’ petition or to assert its rights and, finally, after due proceedings, that there be judgment ordering the cancellation of the inscription of defendant’s purported title and quieting plaintiffs in their possession of the property. After the interposition and disposition of certain exceptions by defendant, and the filing of numerous amended petitions by plaintiffs, the defendant answered, admitting the slander of title as alleged by plaintiffs and setting up title to the property, thus converting the suit into a petitory action. From judgment in favor of defendant dismissing plaintiffs’ suit the latter have appealed.
Examination of the somewhat complicated record, including the multifarious pleadings and briefs of both parties, has served to convince us that proper judgment cannot be rendered on the basis of the record as made up.
It must be borne in mind that the effect of the pleadings of the parties served to convert this suit into a petitory action in which the original defendant, Wyatt Lum *294 ber Company, Inc., occupied the status of plaintiff, and the burden of establishing title devolved upon said party. The proper order of proof under these circumstances would have required the initial presentation of defendant’s evidence in support of its claim of title. It is noted from the record in the instant case that the opposite presentation was made, and, while this has no material bearing upon the evaluation of the proof tendered by the respective parties, it has served to unnecessarily confuse the issues.
Defendants in the original suit, plaintiffs in the petitory action, alleged title to the property by virtue of a deed of conveyance from the receivers of the Wyatt Lumber Company, Ltd., dated December 13, 1934, which vendors “ * * * had acquired said property by purchase through a chain of conveyance reaching back to the United States Government.”
Examination of the record fails to disclose the instrument relied upon by defendant. It is true that counsel attempted to introduce an abstract reportedly incorporating defendant’s muniments of title, but, upon objection, the tender of this ex parte document was excluded. In one of counsel’s briefs the chain of title from the United States to defendant is set forth, and reference is made in connection therewith to the abstract pages reflecting the execution of these documents. However, since the abstract was properly excluded from evidence, these various instruments can not be considered. Reference to the record discloses that, subsequent to the ruling of the court refusing admission of the abstract, counsel again tendered the introduction of the abstract — “ * * * with leave to substitute a certified copy of all the instruments disclosed in that abstract that affect the properties here under litigation.” Notwithstanding this all-inclusive tender, the record does not contain the certified copies of the documents.
Since we do not feel that the record filed herein is sufficiently complete to permit a determination of this appeal, we think it necessary to remand the case, under the authority of Article 906 of the Code of Practice, in the interest of justice between the parties, with instructions that the case be re-opened for the admission of further evidence of the respective title claims of the parties to this suit.
Accordingly, the judgment appealed from is annulled and set aside, and this case is remanded to the Honorable the Eleventh. Judicial District Court in and for the Parish of Sabine, State of Louisiana, with instructions that the case be re-opened for the reception of evidence and the pronouncement of judgment in accordance therewith. It is further ordered that the assessment of all costs shall await final determination hereof.