JANVIER, Judge.
Sidney J. Massicot who, as United Detective Agency, is engaged in detective and investigation service, sued Steven J. Charia for an alleged balance due amounting to $189.65 for services and expenses in connection with the effort of Charia to avoid deportation by the United States Government.
Charia, admitting that he employed Mas-sicot, denied that the latter performed services according to the agreement between them, and, asserting that he paid $200 to Massicot, prays for judgment dismissing the suit and, as plaintiff in recon-vention, asks for judgment in his favor for the return of the $200.
From a judgment in favor of Massicot as prayed for and dismissing the recon-ventional demand, Charia has appealed.
From a very confusing record we gather that Charia, a citizen of Yugoslavia, was in the United States on a temporary basis and that, as a result of an effort of a former business associate from whom Charia has since become estranged, the United States Government was threatening to deport Charia. Apparently feeling that the Young Men’s Business Club, a civic business organization in New Orleans, could be of assistance in persuading the Congress to pass a special.statute under which Charia might be permitted to remain permanently in the United States, he employed Massicot to prepare a report which might be useful’in persuading the members of the said club to assist him in his effort to have the necessary legislation enacted.
It is very evident that Massicot and an employee devoted considerable time and effort towards the preparation of such a report and while the report is not in the record and we are not told how many pages composed it, we are told by both Massicot and Charia that it was about three-quarters of an inch thick.
Charia concedes that Massicot did prepare a document of some kind but main-. tains that all of the information on which it was based was secured for Massicot from Charia’s office files and that the document, whether it could be considered a report or not, was not sworn to and was not prepared in time for submission to the Young Men’s Business Club to act upon it.
Massicot, on the other hand, maintains that the report was of value and that this is made evident by the fact that Charia has not been deported and apparently is now in the United States on a permanent basis.
Conceding that he is still in the United States, Charia asserts that this is not the result of the special legislation which was desired but has been accomplished by the enactment of general legislation liberaliz *864 ing the deportation laws of the United States.
The report on which plaintiff relies as evidencing the tremendous labor which he and his employee say that they devoted to the task apparently was not introduced and is not in the record. Nor is there any evidence from which we may determine how plaintiff arrived at the amount of the charge which he made for his services and for which he has sued.
In this state of the record we find ourselves unable to determine whether plaintiff is entitled to any amount in addition to the $200 already paid to him if he is entitled to retain that.
For this reason we believe that we should exercise the discretion given us by Article 906 of our Code of Practice and remand the matter to the First City Court of New Orleans in order that such additional evidence as may be available, including said record, may be introduced.
In Holmes v. Wyatt Lumber Company, 104 So.2d 293, 294, the Court of Appeal for the Second Circuit found it necessary to annul a judgment and remand the case for the introduction of further evidence. There the Court said: “Examination of the record fails to disclose the instrument relied upon by defendant.” See, also, Pelican Signs, Inc. v. D’Aquin, La.App., 107, So.2d 722; Defiore v. Zar, La.App., 106 So.2d 126, and Pacific Fire Ins. Co. v. Eunice Motor Car Co., La.App., 30 So.2d 441.
It is therefore .ordered, adjudged and decreed that the judgment appealed from be and it is annulled and set aside, and this matter is now remanded to the First City Court of New Orleans for the reception of evidence and pronouncement of judgment in accordance with the record as then presented; all according to law and consistent with the views herein expressed. The assessment of costs are to await final determination hereof.
Set aside and remanded.