SAVOY, Judge.
This is a slander of title suit instituted by Lee Holmes and others, who alleged that they, as the sole heirs of Jordan Holmes, are the owners of the Northeast Quarter of Section 35, Township 5 North, Range 11 West, by inheritance from Jordan Holmes, who allegedly acquired the property by the prescription of thirty (30) years. The defendant filed exceptions of no cause or right of action to plaintiffs’ petition. The exceptions were sustained, and the plaintiffs were given leave to amend. Plaintiffs then amended their petition, in which they abandoned their claim for damages for the alleged slander of title. The defendant answered both the original and supplemental petitions, in which it denied the plaintiffs’ relationship to Jordan Holmes, and their ownership of the property and plead its own recorded title; alleged that such possession as plaintiffs had was by sufferance of defendant and its author in title. Plaintiffs filed a second supplemental petition in which they claimed the ownership of additional property as described in a plat prepared by R. V. Leone, a surveyor. Defendant answered the second supplemental petition with a denial of the essential allegations thereof, and specially plead, alternatively, the prescription of ten (10) years under a deed translative of title, acquired in good faith.
The plaintiffs filed a third supplemental and amending petition in which as an alternative plea, in the event they were not entitled to inherit the property claimed from Jordan Holmes, then they were entitled to inherit an undivided one-half interest thereon from their mother and grandmother, Mariah Mullins Holmes, who had died in the year 1907. Defendant filed exceptions of no cause or right of action to plaintiffs’ original and supplemental petitions. These exceptions were referred to the merits, whereupon defendant, reserving all rights under said exceptions and the exceptions and pleas heretofore filed, answered plaintiffs’ last supplemental petition. The effect of the pleadings filed was to convert this suit into a petitory action.
Upon the issues as thus made up, the case was tried and resulted in a judgment in favor of the defendant, Wyatt Lumber Company, Inc., and against the plaintiffs dismissing the suit at plaintiffs’ costs. The plaintiffs appealed to the Supreme Court, which court, because of lack of jurisdiction, transferred the case to the Second Circuit Court of Appeal. The Second Circuit Court of Appeal found the record to be incomplete. The judgment of the district court was annulled and set aside, and the case remanded to the district court, “with instructions that the case be re-opened for the reception of evidence and the pronouncement of judgment in accordance therewith.” See 104 So.2d 293. In compliance with the orders of the Court of Appeal, the case was tried on the merits in the district court.
Judgment was rendered in favor of the defendant, Wyatt Lumber Company, Inc., recognizing the Wyatt Lumber Company, Inc. as the owner of the property which is the object of this suit, and ordering the plaintiffs to deliver possession of same to defendant. Plaintiffs appealed the instant case to this Court.
*98 Counsel for Lee Holmes, et al, filed a motion in this Court to remand the instant case to the lower court for the purpose of receiving in evidence a certified copy of the marriage between Jordan Holmes and Mariah Mullins Holmes. We are of the opinion that there is sufficient evidence in the record to show that a marriage was contracted between Jordan Holmes and his wife, Mariah Mullins Holmes, and we so hold at this time.
In oral argument in this Court and in their brief, counsel for defendant contend that the only property in dispute on this appeal is the Northeast Quarter of Section 35, Township 5 North, Range 11 West, whereas counsel for plaintiffs, Lee Holmes, et al, contends that in addition to the property in Section 35, they also claim title to land in portions of Sections 25, 26 and 36. After the case was tried in the district court, the attorneys of record, by written stipulation, stated that the property in dispute is situated in Section 35, and that the property involved exceeds the value of $2,-000.00. The district judge who tried the case was apparently of the opinion that an abstract of title, which contained a chain of title to the property in Sections 25, 26, 35 and 36, had been admitted in evidence for he rendered a judgment in favor of defendant to that effect. An examination of the record reveals that the abstract had been excluded from the record in the original trial, and the cause was remanded to the district court by the Second Circuit Court of Appeal for that reason. A review of the record in the instant case discloses that another attempt has been made to introduce the abstract in evidence on the second trial of the cause in the district court, but it has again been excluded by the trial court. As the record is made up, we find a chain of title only to land in Section 35, and the transcript of the evidence taken at the trial indicates to us that at that time all counsel intended to limit the evidence to property located in that section.
While counsel for the Holmes heirs contends that the property in litigation includes a portion of Sections 25, 26, 35 and 36, Township 5 North, Range 11 West, in examining the record, we find, in his direct examination of his witnesses, that the> property mentioned in the evidence is described as being in the Northeast Quarter of Section 35, Township 5 North, Range 11 West. In view of the apparent misunderstanding between counsel for plaintiffs and defendant as stated above, we have decided to determine the ownership only to the Northeast Quarter of Section 35, Township 5 North, Range 11 West, at this time.
There are two (2) matters to be determined by this Court :
1. Did plaintiffs sustain the burden of proof required to acquire the property in the instant case by having possessed the lands for 30 years under the provisions of LSA-C.C. Articles 3499, 3500, 3501, 2502 and 3503?
2. If plaintiffs have not sustained the burden of proof under Article 3499 et seq. of the Louisiana Civil Code, has Wyatt Lumber Company, Inc., shown a chain of title necessary for them to be decreed the owners of the property described as the Northeast Quarter of Section 35, Township 5 North, Range 11 West?
The Court will first discuss the acquisitive prescription of 30 years under LSA-C.C. Articles 3499 — 3503, inclusive.
The ownership of immovables is prescribed for by 30 years without any need of title, and the possession need not be in good faith. LSA-C.C. Article 3499.
■The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under title of owner. LSA-C.C. Article 3500.
How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of 30 years, which is acquired without title, it ex *99 tends only to that which has been actually possessed by the party pleading. LSA-C.C. Article 3S03.
The district judge, in a well written opinion, determined that the plaintiffs had not proved possession so as to become owners of the property under the provisions of LSA-C.C. Article 3499. We adopt that portion of the opinion dealing with possession of the Northeast Quarter of Section 35, Township 5 North, Range 11 West, to-wit:
“On the subject of possession, it appears that Jordan Holmes, et al, owned some part of the land in controversy, and at one time had under fence 96 acres (not 150, as stated by counsel). The first witness called by counsel testified that he did not know anything about sections and townships. His testimony, generally, was that he was born on ‘the property down there’ and that the family lived there until after his father and mother died, and all of the children moved away except Lee Holmes, who remained on the property. Some time after the suit was filed a survey was made of the property, whereupon plaintiffs amended their petition to include other land than that contained in the original petition. A map of the survey was identified by the surveyor, who testified that it was a survey on what was said to have been the Jordan Holmes property. The map also shows where an old fence was located and where the present fence is now situated, and that within the enclosure now existing there is approximately 35 acres of land.
“Counsel has argued that Jordan Holmes took possession of this property in the 1860’s. There is not a word of testimony to that effect.
“The surveyor’s map filed in evidence shows that the old fence covered property in the SWJ4 of SWj4 Section 25, the S1/2 of SEj4 Section 26, the NE14 of Section 35, and the NWJ4 of NWj4 Section 36, all of which is in contest in this suit. The map of the survey shows ‘old house site’ in Section 25. Some characters that we think indicate house sites are shown in Section 35. Just where Jordan Holmes settled is not shown. The evidence shows that Jordan Holmes purchased the Sj4 of SWJ4 Section 25 from John B. Vande-gaar on November 19, 1887, and sold same by warranty title to James M. Leach on January 2, 1895. Defendant, by various conveyances, acquired this property.”
* * * * * *
“There is no testimony given as to the date that Jordan Holmes enclosed the 96 acres with a fence. There is no testimony as to the date when the old fence was torn down or when the property became unenclosed. While we are of the opinion that Jordan Holmes and his family possessed a large part of the property in controversy for many years, we are unable to pinpoint when the possession began and when it ended. But, conceding that when Jordan Holmes purchased the eighty acres in Section 25 in the year 1885 he fenced in other property which he did not own, the evidence, as stated above, does not show when he built this fence. We cannot assume that Jordan Holmes purchased eighty acres of land and immediately fenced in approximately ninety-five acres of land that he did not own.”
# ‡ * # %
“The evidence shows that Lee Holmes paid rent to the Wyatt Lumber Company, Inc., but he endeavors to show that payment was made with respect to property not involved in this suit. He does not show that he was in possession of any property belonging to the Wyatt Lumber Company other than that involved in this suit.”
*100 For the reasons assigned, we think the trial court correctly overruled the plea of 30 year prescription filed by plaintiffs.
The next contention advanced by counsel for plaintiffs is that Wyatt Lumber Company, Inc. is estopped from asserting that plaintiffs are the owners of the property located in the Northeast Quarter of Section 35, Township 5 North, Range 11 West, for the reason that Wyatt Lumber Company, Inc. alleged in its answer in this case that they purchased from Jordan Holmes the property described above in Section 35. An examination of the above deed reveals that it was merely a quit claim deed, without warranty except as to the acts of the seller, Jordan Holmes.
The record reveals that Wyatt Lumber Company, Inc. has an unbroken chain of title dating back from the patent issued by the United States Government; therefore, we are of the opinion that it is the owner of the Northeast Quarter of Section 35, Township 5 North, Range 11 West.
Because of the apparent misunderstanding between counsel for plaintiffs and defendant, as set out above, we are remanding the case to the district court for the reception of additional evidence to establish the ownership of the property described in plaintiffs’ supplemental petition located in Sections 25, 26 and 36, Township 5 North, Range 11 West.
For the reasons assigned, the judgment of the district court is affirmed insofar as it recognizes Wyatt Lumber Company, Inc. as the owner of the Northeast Quarter of Section 35, Township 5 North, Range 11 West, and in all other respects, it is set aside, and the case is remanded.
Judgment affirmed in part, set aside in part and remanded.